FRANK HAUSER v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 5 May, 1909.)

1. Negligence—Proximate Cause—Burden of Proof.

In order to recover upon an issue involving defendant's negligence, the plaintiff must show that the damages claimed arose as the proximate cause of the negligence as well as the negligence alleged.

2. Same.

When it is shown that, notwithstanding the negligent delay in the delivery of a telegram sued on, there were two routes the plaintiff could have taken and avoided the injury alleged, upon which an issue was made, whether by the exercise of ordinary diligence the plaintiff could have avoided the injury, the burden of proof is on plaintiff on the issue, he being required to show that defendant's negligence was the proximate cause of the alleged injury.

ACTION tried before *Justice J.,* and a jury, at February Term, 1909, of ALEXANDER.

Defendant appealed.

*J. H. Burke* and *L. C. Caldwell* for plaintiff.
*Armfield & Turner* and *Tillett & Guthrie* for defendant.

WALKER, J.   This action was brought to recover damages for mental anguish, alleged to have been caused by the negligence of the defendant in transmitting and delivering a telegram informing the plaintiff of his sister's death.   It is alleged that by reason of the negligence he was prevented from attending the funeral.   The message is as follows:

ROCKFORD, N. C., July 20, 1908.

FRANK HAUSER,
          *Taylorsville, N. C.*

Gertrude Williams dead.   Come at once.

A. HAUSER.

It appears that the plaintiff's sister died at Yadkinville, which is about ten miles from Rockford. He could have gone by either one of two routes from Taylorsville, where he lived, to Yadkin-

ville: (1) by train from Taylorsville to Statesville, and thence
by driving to Yadkinville, a distance of 36 miles; (2) by driv-
ing to Wilkesboro from Taylorsville, a distance of 20 miles, and
thence by rail to Rockford, and thence by driving to Yadkinville.
He did not know that he could have gone to Yadkinville by way
of Wilkesboro in time for the funeral, and he did not intend to
go after he received the message, as it was delayed, and he
thought it was too late for him to reach Yadkinville before the
funeral; but he would have gone if the message had been deliv-
ered before the train left for Statesville.    There was other testi-
mony as to whether the plaintiff had exercised care and diligence
in attempting to go to Yadkinville after he received the telegram.

The Court submitted issues to the jury, which, with the an-
swers thereto, are as follows:

1. "Did the defendant negligently fail to deliver the telegram,
as alleged in the complaint?"   Answer: "Yes."

2. "Could and would the plaintiff have attended the funeral
of deceased if the telegram had been delivered in reasonable
time?"   Answer: "Yes."

3. "Notwithstanding the negligence of defendant, if any,
could the plaintiff, by the exercise of ordinary diligence, have
attended the funeral of deceased?"   Answer: "No."

4. "What damage, if any, is the plaintiff entitled to recover
of defendant?"   Answer: "Two hundred dollars."

Numerous exceptions were taken by the defendant during the
trial of the case, but the only one which we think it necessary
to consider is the following objection to an instruction of the
court, which the plaintiff assigns as error: "The defendant con-
tends that if the said plaintiff had exercised due care and reason-
able diligence, such as the law exacts of him, he could have
attended said funeral after the said telegram was delivered;
and if you should so find from the evidence, you will answer
this issue 'Yes.'   (The burden of proof upon this issue is on
the defendant.)"   The burden of proof was not upon the de-
fendant to show that the plaintiff had not exercised diligence,
but upon the plaintiff to show not only that the defendant had
been guilty of negligence, but that its negligence was the proxi-
mate cause of the damage to him.   *Hocutt v. Telegraph Co.,*

147 N. C., 186. It is not enough to show that there has been negligence in order to entitle a plaintiff to recover; he must, in addition, show that the defendant's negligence was the proximate cause of his injury. Negligence is not actionable unless it is the proximate cause of the damage. *Brewster v. Elizabeth City,* 137 N. C., 392. The burden is always upon the plaintiff to prove every requisite of his cause of action. This is not a question of contributory negligence which would shift the burden of proof to the defendant, but it is one of the essential elements of the cause of action that the negligence of the defendant should proximately cause the damage.

There was error in misplacing the burden of proof by the instruction to which the defendant excepted.

New Trial.