C. N. LANNING v. WESTERN UNION TELEGRAPH COMPANY.

. (Filed 26 May, 1911.)

**Telegraphs — Delayed Message — Delivery in Time—Negligence—
Conflicting Evidence—Instructions—Burden of Proof.**

In an action for damages for mental anguish alleging negligent
delay in the delivery of a telegram announcing the sudden and
serious illness of plaintiff's mother, where there is conflicting
evidence as to whether the defendant was negligent or the plain-
tiff had time after the delivery of the message to have taken a
certain train and thereby have avoided the injury complained of,
it is reversible error for the trial judge to refuse or omit to
charge in accordance with a special instruction tendered by the
defendant, that the burden was upon the plaintiff to show the
alleged negligence and that it was the proximate cause of the
injury.

APPEAL by defendant from *Ferguson, J.,* at the October Term,
1910, of SWAIN.

The facts are sufficiently stated in the opinion of the Court
by *Mr. Justice Walker.*

*No counsel for plaintiff.*
*Geo. H. Fearons and A. S. Barnard for defendant.*

WALKER, J. This action was brought to recover damages for
mental anguish, suffered by reason of the negligent failure of the
defendant to transmit and deliver to the plaintiff a telegram
sent by his father, who lived near Asheville, N. C., to Bryson
City, N. C., near which place the plaintiff lived. The message
was delivered to the defendant for transmission on Sunday,
15 March, 1908, after office hours of defendant at Bryson City,
and for that reason was not forwarded on Sunday, but the
operator at Asheville, the next morning at five minutes after 8
o'clock, when his office was opened, called up the operator at
Bryson City, whose office should also have been open, but failed
to get any response until at 8.28 o'clock. The message was
received at Bryson City at 8.30 o'clock, and prepared for deliv-
ery. It was handed to the messenger, who carried it to plaintiff's
house. He was not at home, but in the field, about one-quarter

of a mile away. The message was delivered to him there, but not in time, as he contended, to catch the train at Governor's Island, the nearest station, and about one mile from his residence. The defendant contended that he had sufficient time, after the delivery of the message, to take the next train for Asheville at that station. The messenger went to the station and waited there ten minutes for the train, which arrived on schedule time. The message announced the sudden and serious illness of the plaintiff's mother, and plaintiff alleged that he was delayed in reaching his mother's bedside nearly a day. We need not state any more facts, as our decision turns upon the refusal of the Court to instruct the jury, as requested by the defendant, that the burden was upon the plaintiff to show the alleged negligence, and that it was the proximate cause of his injury. After a careful reading of the instructions of the Court, we have been unable to find any response to this prayer. The defendant was entitled to the instruction. *Hauser v. Telegraph Co.,* 150 N. C., 557; *Shepard v. Telegraph Co.,* 143 N. C., 244; *Loyd v. Loyd,* 113 N. C., 186; *Hocutt v. Telegraph Co.,* 147 N. C., 186. The refusal to give the instruction was, perhaps, inadvertent, but it nevertheless requires that a new trial be ordered. It is not necessary to consider the other exceptions.

New trial.