Action to recover damages for personal injuries, alleged to have been caused by defendant's negligence.
Plaintiff is a boy about 7 years old, and was, at the time he was hurt, a pupil at the graded school in Statesville. Defendant was engaged in widening Bell Street some 15 feet and constructing a culvert underneath it. Plaintiff contended that the work of widening the street had been completed and the street open for travel, the space between the head-walls of the culvert having been filled with dirt to the intended street level, and the sidewalks completed. That there were no barriers or guardrails on the head-walks, which capped ends of the culvert and from which there extended downwards to the lower land, about 15 feet, a sheer precipice. Plaintiff was going home with his playmates from the school, and stopped at the culvert. He was standing on or near the edge of the culvert or head-wall to the south, and either fell off or was pushed over it by a companion and dropped to the ground below and was injured.
(530) Defendant contended that the street work had not been finished; that there was no sidewalk on the south side of the street, but there was a concrete walk, which had been completed and was the one used by the public, including school children, on the north side, extending from Center to Mulberry streets, and that there never had been any walk on the south side. It also alleged that the head-wall on the south side was from 18 inches to 2 feet above the level of the dirt roadway, and was itself a barrier or guard. There was evidence to support these contentions. Plaintiff requested the court to instruct the jury that "if they *Page 467 
believed the evidence, they should answer the first issue, as to negligence `Yes.'" This was refused, and plaintiff excepted.
The court charged the jury, in part, as follows:
"1. If the city, in opening or repairing one of its streets or sidewalks for travel, has opened a part of said street for travel and is at work on the remainder — if you so find — then it must use reasonable care to guard passers-by along said street or sidewalk from injury by conditions existing on that part of said street or sidewalk not open for travel, by placing sufficient barriers to protect persons from injury in going over such street, provided the city has manifested its purpose to open such way and dedicate the same to the use of the public; and if it fails to use reasonable care in this respect, that is, the care of a prudent man under all of the circumstances, and a pedestrian is injured whilst traveling along such street, and such injury was proximately caused by the negligence of the city, the city would be liable for such damages as might ensue.
"2. It was the duty of the defendant to keep its streets, including its sidewalks, in proper repair, that is, in such condition that children and others in passing and repassing over them might at all times, when said streets have been opened for travel, do so with reasonable safety; and proper repair means that all bridges or culverts, dangerous pits, embankments, and like perilous places very near and adjoining the streets shall be guarded against by proper railings or barriers.
"3. If you find by the greater weight of the evidence that the (531) defendant employed Mr. Lazenby to construct the culvert along Bell Street, and that it caused Mr. Allison and others to raise Bell Street, at and near the said culvert, above the level of the surrounding ground, to a height of 10 feet or more at the culvert, and you find that said street was opened by the city for travel, and you find that it failed to place guard-rails or barriers along the said sidewalk, but left said street or sidewalk at said point unprotected, and you find that such failure on the part of the city was the proximate cause of the injury to the plaintiff, then the defendant would be guilty of negligence, and under such findings, if so made by you from the evidence, you would answer the first issue `Yes.'"
Issues as to negligence, contributory negligence, and damages were submitted. The jury having answered the first issue, as to negligence, "No," did not answer the other issues. Judgment upon the verdict, and appeal by plaintiff.
After stating the case: The plaintiff's counsel requested the court to charge the jury that the first issue should be answered affirmatively if they believed the evidence. This, if given, would of course be virtually a withdrawal of the fact involved in the main issue, as to negligence, from the finding of the jury, leaving them only to decide upon the credibility of the evidence. The form of the prayer, as we have frequently said, is not to be commended, as the jury may believe the evidence and yet not be willing to find that the fact of negligence has been established by it. Sossamon v. Cruse, 133 N.C. 470; Merrell v.Dudley, 139 N.C. 57; S. v. Blackwell, 162 N.C. 672. But waiving this defect for the present, we do not think the prayer was in other respects a proper one. The question of negligence was not one merely of law, to be declared by the court, as the evidence was conflicting, and, therefore, the jury should have passed upon it and found the facts. Russell v. R. R., 118 N.C. 1112; Hardison v. R. R., 120 N.C. (532) 492; Spruill v. Insurance Co., ibid., 141; Everitt v. Receivers, 121 N.C. 521. The evidence was of such a kind that, upon the question of negligence, more than one inference may be drawn from it, and two fair-minded persons of equal intelligence may have differed in regard to it and formed different conclusions. Graves v. R. R., 136 N.C. 3;Ramsbottom v. R. R., 138 N.C. 38. "When the facts are controverted or the negligence is not so clearly shown that the court can pronounce upon it, as matter of law, the case should go to the jury with proper instructions, so that they may apply the law to any given state of facts as found by them."Graves v. R. R., supra.
In order to give an affirmative answer to the first issue, the jury would be required to find two facts: first, that there was negligence, and, second, that this negligence was the proximate cause of the injury.Brewster v. Elizabeth City, 137 N.C. 392. Passive negligence is harmless, and it is only when it is active and the direct or efficient cause of the injury that it becomes actionable. Plaintiff was required, therefore, to show, the clear burden being upon him to do so, that the negligence, if any, proximately caused the damage. It is a breach of duty owing by defendant to the plaintiff from which damage, not remotely, but directly, ensues, that gives him a cause of action. We held in Byrd v. Express Co.,139 N.C. 275, that negligence of a defendant followed by an injury does not make him liable therefor, "unless the connection between cause and effect is established, and the negligent act of the defendant would not only be the cause, but the proximate cause, of the injury." Equally emphatic is the language of the Court in Hauser v. Telegraph Co.,150 N.C. 557; Hoaglin v. Telegraph Co., 161 N.C. 398; Hocutt v. TelegraphCo., 147 N.C. 186. Plaintiff must first prove actionable negligence before *Page 469 
the defendant is called upon to show negligence on the part of the plaintiff which contributed to the injury.
What was the duty of the defendant to the plaintiff in this case? A city does not insure or warrant the safe condition of its streets. It must keep and maintain them in a reasonably safe condition, and exercise ordinary care and due diligence to see if they are so kept and maintained. Smith v. Winston, 162 N.C. 50, and cases cited (533) therein. After stating that the authorities of a city, town, or village are charged with the duty of keeping its streets in a "reasonably safe condition" only and to the extent that this can be done by the exercise of due care and supervision, Justice Hoke says, in Fitzgerald v. Concord,140 N.C. 110: "The town is not held to warrant that the condition of its streets shall be at all times absolutely safe. It is only responsible for a negligent breach of duty, and to establish such responsibility it is not sufficient to show that a defect existed and that an injury has been caused thereby. It must be further shown that the officers of the town knew, or by ordinary diligence might have discovered, the defect, and the character of the defect was such that injuries to travelers therefrom might reasonably be anticipated."
The record shows that the judge who presided at the trial of this cause charged the jury in exact accordance with the principle thus so clearly stated in that case, and which has since been approved so often.White v. New Bern, 146 N.C. 447; Revis v. Raleigh, 150 N.C. 353;Johnson v. Raleigh, 156 N.C. 269. The city undoubtedly had the right, and it was its duty, if required by the public convenience, to widen, re-grade, and otherwise improve Bell Street, and is not responsible to any one for the manner of doing so, provided its authorities exercised due care in doing the work. The liability of the city to pedestrians and others using the street is based upon negligence — the absence of that care which a man of ordinary prudence would bestow upon the work under like circumstances. If the structure was defective in any particular, the city is not liable for consequent damage, unless a person of ordinary prudence, in the exercise of care, should have anticipated that injuries to travelers or others using the street would occur. We so held in Fitzgerald's case,supra. This was a question for the jury, upon all the facts and circumstances.
In this case it appears that the concrete walk, which was used by the public, including school children, was on the opposite side of the street; at least there was evidence of this fact, that there was no sidewalk on the south side, and that there was a clear way for all persons (534) to pass and repass between the headwalls. It further appears that the head-wall on the south side was elevated above the street level, *Page 470 
so that in itself it formed a barrier on that side of the street. These and other facts and circumstances were for the jury to consider upon the question of negligence and proximate cause, and the judge fully explained their bearing from a legal standpoint upon the question at issue. His charge, in some respects, was really more favorable to the plaintiff than he had the right to expect, and he gave substantially all of plaintiff's requests for instructions to which he was, in law, entitled.
Upon the question of plaintiff's contributory negligence, he properly confined his charge to the second issue, which separately and independently involved an inquiry into that matter. As to the plaintiff's age and his incapacity arising out of his tender years, it may be said that the question of contributory negligence, on his part, is not to be determined alone by the fact of his youth, except in extreme cases; but other considerations enter into the question, as, for instance, his degree of capacity or intelligence. Some boys are much brighter, smarter, and more capable than others who are much older, and better able to take care of themselves. The youth of the person must be considered, of course, but with the qualification already made, it is not the only test, and the presumption of incapacity to protect himself is not always a conclusive one. This boy was intelligent and bright, as it appears from the evidence, and the jury could have inferred that, if left alone and not pushed or shoved over the edge of the head-wall by another, he would have been able to take care of himself and have escaped injury. The rule was thus stated by Justice Connor in Rolin v. Tobacco Co., 141 N.C. 300: "It is hardly necessary to add that contributory negligence on the part of the minor is to be measured by his age and his ability to discern and appreciate the circumstances of danger. He is not chargeable with the same degree of care as an experienced adult, but is only required to exercise such prudence as one of his years may be expected to possess.
(535) As the standard of care thus varies with the age, capacity, and experience of the child, it is usually, if not always, when the child is not wholly irresponsible, a question of fact for the jury whether a child exercised the ordinary care and prudence of a child similarly situated; and if such care was exercised, a recovery can be had for an injury negligently inflicted, no matter how far the care used by the child falls short of the standard which the law exacts for determining what is ordinary care in a person of full age and capacity," citing Am. C. and F.Co. v. Armentrodt, 214 Ill. 509; Plumly v. Birge, 124 Mass. 57; 7 A. and E. Enc., 409.
Labatt on Master and Servant (Ed. 1904), sec. 348, says that "the essential and controlling conception by which a minor's right of action is determined with reference to the existence or absence of contributory *Page 471 
fault is that his capacity is the measure of his responsibility. If he has not the ability to foresee and avoid the danger to which he may be exposed, negligence will not be imputed to him if he unwittingly exposes himself to that danger. For the exercise of such measure of capacity and discretion as he possesses, he is responsible."
The rule generally approved, and which has been adopted by this Court, was thus stated in R. R. v. Gladmon, 15 Wall. (U.S.), 401 (21 L.Ed., 114): "The rule of law in regard to the negligence of an adult and the rule in regard to that of an infant of tender years is quite different. By the adult there must be given that care and attention for his own protection that is ordinarily exercised by persons of intelligence and discretion. If he fails to give it, his injury is the result of his own folly, and cannot be visited upon another. Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child of 3 years of age less caution would be required than of one of 7; and of a child of 7, less than of one of 12 or 15. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case," citing Sh. and Redf. on Neg., sec. 49; Morgan v. R. R., 38 N.Y. 455; R. R. v.McTighe, 46 Pa., 316, and other authorities. Gladmon's case has been followed by this Court in Manly v. R. R., 74 N.C. 655; (536)Murray v. R. R., 93 N.C. 92; Bottom v. R. R., 114 N.C. 699. In Bottom's case the Court refers to Gladmon's case and Robinson v.Cone, 22 Vt. 213, as stating the correct rule, and takes this passage from the Robinson case: "All," says Judge Redfield, in delivering the opinion, "that is required of an infant plaintiff in such a case (where a child was injured in a highway) being that he exercise care and prudence equal to his capacity." The passage which we have taken from Gladmon's case was quoted by Chief Justice Smith, with full approval, in Murray v. R. R., supra, as containing a correct statement of the rule applicable in such cases. See, also, Serano v. R. R., 188 N.Y. 156; Slattey v. Ill. Co., 190 Mass. 79;Wallace v. R. R., 26 Or. 180 (25 L. R. Anno. (O. S.), 667); Reed v.City of Madison, 83 Wis. 176 (17 L. R. Anno. (O. S.), 736); Westbrook v.R. R., 66 Miss. 560 (14 Am. St. Rep., 587); R. R. v. Stout, 17 Wall., 657 (21 L.Ed., 745); Moore v. R. R., 99 Pa., 301; Cosgrove v. Ogden,49 N.Y., 255; Ridenhour v. R. R., 102 Mo., 270; Mackey v. Vicksburg, 64 Fed., 77; Thurber v. R. R., 60 N.Y. 326.
It was said in R. R. v. Stout, supra: "To entitle an adult to recover damages for an injury from the fault or negligence of another, he must himself have been free from fault; but such is not the rule in regard to an infant of tender years. The care and caution required of a child is *Page 472 
according to his maturity and capacity only, and this is to be determined by the circumstances of each case." In that case the child was between 6 and 7 years of age, and the rule of the Gladmon case was applied. So it was said in Westerfield v. Lewis, supra (child 5 years and 7 months): "The rule which exempts a child of tender years from responsibility, while it may not operate justly in every possible case, on the whole promotes the ends of justice, and we followed the authorities which held that a child of the age of appellant is prima facie exempt from responsibility, but testimony is admissible to show the contrary," citing many authorities. And the same doctrine was applied in Stone v. Dry Dock Co.,115 N. Y., 104, where the child was about the same age as was plaintiff (537) in this case, and the Court said: "In administering civil remedies the law does not fix any arbitrary period when an infant is deemed capable of exercising judgment and discretion. It has been said in one case that an infant 3 or 4 years of age could not be regarded as sui juris, and the same was said in another case of an infant 5 years of age. On the other hand, it was said in Cosgrove v. Ogden (49 N.Y. 255), that a lad 6 years of age could not be assumed to be incapable of protecting himself from danger in streets or roads, and in another case that a boy of 11 years of age was competent to be trusted in the streets of a city. From the nature of the case it is impossible to prescribe a fixed period when a child becomes sui juris. Some children reach the point earlier than others. It depends upon many things, such as natural capacity, physical conditions, training, habits of life and surroundings. These and other circumstances may enter into the question. It becomes, therefore, a question of fact for the jury where the inquiry is material, unless the child is of so very tender years that the court can safely decide the fact," citing cases.
It will be found that in several of the cases we have relied on, the child in question was younger than was plaintiff in this case at the time of the injury. Unless the child be extremely young, so that we can say, without doubt, that he is incapable of committing an act of negligence, the question should be submitted to the jury to decide according to his age, intelligence, and capacity, and the particular facts and circumstances of the case which may shed any light upon it. There are facts in this case from which the jury could infer that plaintiff had capacity sufficient to care for himself.
The question of proximate cause was properly submitted to the jury for their determination, and was not a pure question of law upon the facts. It was for the jury to say whether it could reasonably have been anticipated that injury would result to the plaintiff from the then critical condition of the street. The fact was not so conclusively established *Page 473 
against the defendant as to require its withdrawal from the jury. Wheelerv. Gibbon, 126 N.C. 811.
The jury, under correct instruction, have found that defendant (538) was not guilty of negligence, and it, therefore, was not necessary to consider the second issue, but we have discussed the question of plaintiff's capacity because of the position taken by plaintiff, on the argument, in regard to it.
The case of Drum v. Miller, 135 N.C. 204, is not applicable. There is only one way the boy could have been hurt, and this is by falling from the head-wall. He might have peered over the edge or brink of this small precipice and gratified his curiosity with perfect safety, had he not been shoved or pushed over by his companions.
No error.
Cited: McAtee v. Mfg. Co., 166 N.C. 456 (2g); Christman v. Hilliard,167 N.C. 6 (2p); Buchanan v. Lumber Co., 168 N.C. 45 (2g, 3g); Raines v.R. R., 169 N.C. 192 (7g); Lamb v. Perry, 169 N.C. 442 (2p); Collins v.Casualty Co., 172 N.C. 546 (1g); Odom v. Lumber Co., 173 N.C. 136 (3g);Mullinax v. Hord, 174 N.C. 615 (7g); Fry v. Utilities Co., 183 N.C. 290
(7g); Fray v. Utilities Co., 183 N.C. 297 (7j); Gilland v. Stone Co.,189 N.C. 789 (7g); Corp. Com. v. Trust Co., 193 N.C. 700 (1g); Hoggard v. R.R., 194 N.C. 260 (7g); Brown v. R. R., 195 N.C. 701 (7j); Swinson v.Realty Co., 200 N.C. 278 (5c); Tart v. R. R., 202 N.C. 55 (7g); Haney v.Lincolnton, 207 N.C. 286 (5g); Morris v. Sprott, 207 N.C. 359 (7g);Hollingsworth v. Burns, 210 N.C. 42 (7g); Boykin v. R. R., 211 N.C. 115
(7g); Leach v. Varley, 211 N.C. 210 (7g); Ferguson v. Asheville,213 N.C. 573 (5g); Houston v. Monroe, 213 N.C. 791 (5g);Manheim v. Taxi Corp., 214 N.C. 691 (7g); Barnes v. Wilson,217 N.C. 199 (6j); Gettys v. Marion, 218 N.C. 269
(5g); Wall v. Asheville, 219 N.C. 169 (5g); Carter v. RealtyCo., 223 N.C. 192 (3g).