T. J. CAUDLE, SR., ADMINISTRATOR OF FOCH CAUDLE, DECEASED, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 23 March, 1932.)

1. **Railroads D c—Demurrer in this case held properly overruled since defendant might be found liable on doctrine of last clear chance.**

Where the complaint in an action to recover damages against a railroad company alleges that the plaintiff's intestate was twelve years old, and that, while attempting to cross the defendant's tracks at a path habitually used by the public, his attention was attracted by a rapidly moving freight train on one of the tracks, and that while watching the freight train he was struck by the defendant's engine on another track, and that the defendant failed to keep a proper lookout and failed to give any warning of the approach of the said engine: *Held*, a demurrer to the complaint was properly overruled, since the defendant would be liable on the doctrine of the last clear chance if the jury should answer that issue in his favor upon proper evidence.

2. **Negligence C b—Twelve-year-old child is rebuttably presumed to be incapable of contributory negligence.**

A twelve-year-old boy is prima facie presumed to be incapable of contributory negligence, but the presumption is rebuttable by proper evidence upon the trial.

APPEAL by defendant from *Small, J.,* at October Term, 1931, of WAKE. Affirmed.

This is an action for actionable negligence brought by plaintiff, T. J. Caudle, Sr., as administrator of the estate of Foch Caudle, deceased, to recover damages for the negligent killing of the plaintiff's intestate by the defendant, Seaboard Air Line Railway Company. The complaint alleges that the plaintiff's intestate was a boy about twelve years of age whose health, habits, industry and training gave promise of a long life of usefulness and profit; that he was walking along a well-defined path which crosses the defendant's railroad track; that the path was situate a short distance north of a grade crossing; that the path had for many years prior thereto extended from State Highway Nos. 10 and 50 across the defendant's line of railroad; that the well-defined footpath had for many years been used by the public during the day and night; that the defendant's railroad track was straight for a considerable distance in each direction from said footpath; that for a distance of about 450 feet east of the said footpath the defendant's line of railroad was up-grade so that a train approaching said footpath from the east would coast down grade; that on 19 July, 1930, at about 3 o'clock p.m., the plaintiff's intestate started across the defendant's line of railroad along the footpath referred to, and when he reached the defendant's line of railroad his attention was attracted by a rapidly moving freight train, which at said time was traveling in an easterly direction on the Southern Railway Company's track which was within a few feet of the defendant's said track; that said freight train consisted of a large number of cars and was making considerable noise moving up-grade; that at the time referred to the plaintiff's intestate was facing in a westerly direction, and the plaintiff's intestate entered upon or very near the north rail of the Seaboard track, and was watching the rapidly moving Southern freight train, when the defendant negligently, carelessly and wrongfully ran and operated one of its locomotive engines along and upon said Seaboard track in a westerly direction and permitted same to coast down grade, and the operative in charge of said engine negligently and carelessly failed to keep a reasonable and proper lookout, and negligently and carelessly failed to give reasonable and timely notice of the approach of said locomotive engine to said point, when the defendant knew or, in the exercise of due care, should have known that the plaintiff's intestate's attention was attracted to said moving freight train and that he would not hear the approach of said Seaboard engine, and the defendant negligently and carelessly caused, allowed and permitted said locomotive engine to collide with the plaintiff's intestate, his mangled

body was carried for a distance of about 150 feet, and he died as a result of the injuries sustained at said time.

The specifications of negligence, founded on the above facts appear in the complaint, and it is alleged were the proximate cause of the plaintiff's intestate's death, for which damage is demanded—naming the amount.

The defendant demurred to the complaint on the following grounds: "The complaint filed herein does not state facts sufficient to constitute a cause of action, because; (a) It appears from said complaint that the defendant has breached no duty that it owed the plaintiff's intestate. (b) It appears that the plaintiff's intestate by his own negligence contributed to his injury."

The court below rendered the following judgment: "This cause coming on to be heard before his Honor, W. L. Small, judge, at the Second October Term, 1931, of Wake Superior Court, upon a demurrer filed by the defendant, and being heard. It is ordered and adjudged that the demurrer be and it is hereby overruled. The defendant excepted, assigned error and appealed to the Supreme Court.

*Clyde A. Douglass for plaintiff.*
*Murray Allen for defendant.*

CLARKSON, J. We think there were sufficient facts alleged in the complaint to constitute actionable negligence, and the court below properly overruled the demurrer of defendant.

"If negligence on the part of the defendant is established and the jury should also find that the plaintiff was guilty of contributory negligence, on the ground that he was negligent in going into a dangerous position without being properly attentive to his own safety, the facts seem to require the submission of a third issue involving the question whether the defendant, in this instance, negligently failed to avail himself of the last clear chance of avoiding the injury. The authorities are to the effect that if the plaintiff is at the time rightfully upon the track or sufficiently near it to threaten his safety, and is negligent, and so brought into a position of peril, if the defendant company by taking a proper precaution and keeping a proper lookout could have discovered the peril in time to have averted the injury by the exercise of proper diligence, and negligently fails to do it, the defendant would still be responsible, though the plaintiff also may have been negligent in the first instance. *Lassiter's case, supra* (133 N. C., 244); *Reid's case,* 140 N. C., 146; *Balto. etc., Ry. Co. v. Cooney,* 87 Md., 261." *Ray v. R. R.,* 141 N. C., at pp. 87-8.

CAUDLE *v.* R. R.

In *Redmon v. R. R.,* 195 N. C., at p. 766, we find the following: "The last clear chance doctrine is the duty imposed by the humanity of the law upon a party to exercise ordinary care in avoiding injury to another who has negligently placed himself in a situation of danger. The doctrine is said to have sprung from the celebrated case of *Davis v. Mann,* 10 M. & W., 546, decided in 1842, and commonly known as the hobbled ass case. An excerpt from that case is as follows: 'The defendant has not denied that the ass was lawfully in the highway, and therefore we must assume it to have been lawfully there; but even were it otherwise, it would have made no difference, for as the defendant might, by proper care, have avoided injuring the animal, and did not, he is liable for the consequences of his negligence, though the animal may have been improperly there.'" *Deans v. R. R.,* 107 N. C., 686; *Casada v. Ford,* 189 N. C., 744; *Hudson v. R. R.,* 190 N. C., 116; *Hart v. R. R.,* 193 N. C., 317; *Buckner v. R. R.,* 194 N. C., 104; *Redmon v. R. R., supra,* at p. 769.

In *Russell v. R. R.,* 118 N. C., at p. 1108, it is said: "It is the duty of an engineer in charge of a moving train to give some signal of its approach to the crossing of a public highway over a railroad track or to a crossing which the public have been habitually permitted to use; and where he fails to do so, the railway company is deemed negligent and answerable for any injury due to such omission of duty." *Perry v. R. R.,* 180 N. C., 290; *Rigsbee v. R. R.,* 190 N. C., 231; *Earwood v. R. R.,* 192 N. C., 27; *Franklin v. R. R.,* 192 N. C., 717; *Finch v. R. R.,* 195 N. C., 190; *Moseley v. R. R.,* 197 N. C., at p. 634.

Prima facie presumption exists that an infant between ages of 7 and 14 is incapable of contributory negligence, but presumption may be overcome. Test in determining whether child is contributorily negligent is whether it acted as child of its age, capacity, discretion, knowledge and experience would ordinarily have acted under similar circumstances. *Chitwood v. Chitwood,* 156 S. E., 179, 159 S. C., 100; *Hoggard v. R. R.,* 194 N. C., 256; *Brown v. R. R.,* 195 N. C., 701.

As the cause goes back for trial before a jury, we will not comment on the law applicable to the facts alleged in the complaint. We give the general principles of law arising on the facts as set forth in the complaint. The judgment below overruling the demurrer of defendant is

Affirmed.