DORA BOYKIN, ADMINISTRATRIX, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 6 January, 1937.)

1. **Railroads § 9—Evidence held insufficient to disclose contributory negligence as matter of law on part of ten-year-old boy.**

   The evidence tended to show that plaintiff's intestate, a ten-year-old boy, was killed at a much used crossing within the corporate limits of a

city, that there were five tracks at the crossing, and that immediately after a shifting engine with several cars attached had cleared the crossing, intestate started across and was struck by defendant's train running on a parallel track at an excessive speed in violation of the city ordinance, and without giving warning by bell or whistle. *Held:* The issue of contributory negligence of intestate was for the jury under the evidence, and the granting of defendant's motion to nonsuit was error. *Tart v. R. R.*, 202 N. C., 52, distinguished in that in this case the crossing had just been obstructed by the shifting engine and cars, while in the *Tart case, supra,* plaintiff traversed a distance of 20 feet with unobstructed view before reaching the track on which the accident occurred.

**2. Negligence § 12—**

A minor is required to exercise that degree of care for his own safety which a child of his years, capacity, and experience may be expected to possess, and unless he is wholly irresponsible, the question is usually one for the jury.

APPEAL by plaintiff from *Williams, J.,* at May Term, 1936, of CUMBERLAND.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect, or default of the defendant.

Plaintiff's intestate, a boy ten years of age, was fatally injured on the afternoon of 24 April, 1935, when struck by defendant's train at Rowan Street crossing in the city of Fayetteville. There are five tracks at this crossing, two sidetracks, a pass track, and two main-line tracks. It is used extensively, day and night, by vehicular and pedestrian traffic, including children living in the vicinity as well as those attending the Normal School near the crossing. At this point the railroad runs practically north and south, while Rowan Street runs east and west.

Plaintiff's intestate was walking westwardly along Rowan Street. As he approached the crossing, a shifting engine, with cars attached, passed on the eastward track going in a northerly direction. As soon as this shifting engine and cars cleared the crossing, plaintiff's intestate started across the track, "running or walking," and was struck by the engine of No. 89, southbound passenger train on the westward track, which was running at a high rate of speed, in violation of city ordinance, and without signal or warning of its approach.

From a judgment of nonsuit entered upon demurrer to the evidence, plaintiff appeals, assigning error.

*Downing & Downing and Nimocks & Nimocks for plaintiff, appellant.*
*Rose & Lyon for defendant, appellee.*

STACY, C. J. The basis of the nonsuit is that plaintiff's intestate was contributorily negligent as a matter of law under authority of *Tart v.*

R. R., 202 N. C., 52, 161 S. E., 720. The *Tart case, supra,* is distinguishable by reason of the fact that there the accident occurred 61 steps from the crossing and the plaintiff traversed a distance of 20 feet with unobstructed view before stumbling in front of an on-coming train. Here, the injury occurred at the crossing which had just been obstructed by the shifting engine and cars.

It was conceded on the argument that, had plaintiff's intestate been an adult, the judgment of nonsuit would probably have been correct. *Rimmer v. R. R.,* 208 N. C., 198, 179 S. E., 753; *Young v. R. R.,* 205 N. C., 530, 172 S. E., 177; *Eller v. R. R.,* 200 N. C., 527, 157 S. E., 800; *Pope v. R. R.,* 195 N. C., 67, 143 S. E., 350; *Davidson v. R. R.,* 171 N. C., 634, 88 S. E., 759; *High v. R. R.,* 112 N. C., 385, 17 S. E., 79. Without passing upon the suggested hypothesis, we are of opinion the issues should have been submitted to the jury under all the evidence in the case.

There is a presumption which comes to the aid of a child of tender years. *Caudle v. R. R.,* 202 N. C., 404, 163 S. E., 122; *Ghorley v. R. R.,* 189 N. C., 634, 127 S. E., 634; 20 R. C. L., 123; Note 27, Ann. Cas., 969.

Speaking to the subject in *Rolin v. Tob. Co.,* 141 N. C., 300, 53 S. E., 891, *Connor, J.,* delivering the opinion of the Court, quoted with approval: "It is hardly necessary to add that contributory negligence on the part of the minor is to be measured by his age and his ability to discern and appreciate the circumstances of danger. He is not chargeable with the same degree of care as an experienced adult, but is only required to exercise such prudence as one of his years may be expected to possess. 'As the standard of care thus varies with the age, capacity, and experience of the child, it is usually, if not always, when the child is not wholly irresponsible, a question of fact for the jury whether a child exercised the ordinary care and prudence of a child similarly situated; and if such care were exercised, a recovery can be had for an injury negligently inflicted, no matter how far the care used by the child falls short of the standard which the law exacts for determining what is ordinary care in a person of full age and capacity.' 7 A. & E., 409; *Plumly v. Birge,* 124 Mass., 57."

Likewise, in approval of the position are the decisions in *Morris v. Sprott,* 207 N. C., 358, 177 S. E., 13; *Alexander v. Statesville,* 165 N. C., 527, 81 S. E., 763; *Fry v. Utilities Co.,* 183 N. C., 281, 111 S. E., 354; *Brown v. R. R.,* 195 N. C., 699, 143 S. E., 536; *Hoggard v. R. R.,* 194 N. C., 256, 139 S. E., 372; *Murray v. R. R.,* 93 N. C., 92.

Reversed.