W. M. LEACH, ADMINISTRATOR OF LOIS LEACH, DECEASED,
v. FRED VARLEY.

(Filed 27 January, 1937.)

1. **Negligence § 12—Instruction on question of contributory negligence on part of eight and a half years old child held without error.**

   Evidence held properly submitted to jury on issue of contributory negligence of eight and one-half year old intestate, struck by car while skating in street after dark, under instruction correctly charging that intestate was not held to same degree of care as adult, but was required to exercise care and prudence according to her maturity and capacity.

2. **Negligence §§ 10, 20—**

   The court is not required to charge the jury on the question of last clear chance when there is no pleading or evidence entitling plaintiff to the issue, and no request for instructions or tender of issue on the question.

**3. Trial § 32—**

If a party desires more detailed instructions on different aspects of the evidence, he must request same by proper prayers.

APPEAL by plaintiff from *Spears, J.*, and a jury, at March Term, 1936, of ALAMANCE. No error.

This is an action for actionable negligence, brought by plaintiff against defendant to recover damages.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the plaintiff's intestate injured by the negligence of the defendant, as alleged in the complaint? Ans.: 'Yes.'

"2. If so, did the plaintiff's intestate, by her own negligence, contribute to said injury, as alleged in the answer? Ans.: 'Yes.'

"3. What damage, if any, is the plaintiff entitled to recover of defendant? Ans.: .........."

The court below rendered judgment on the verdict. The plaintiff made numerous exceptions and assignments of error, and appealed to the Supreme Court.

*Leo Carr, Thomas C. Carter, and John H. Vernon for plaintiff.*
*Long, Long & Barrett for defendant.*

CLARKSON, J. In the plaintiff's brief the main question involved is stated as follows: "Did the court discharge its duty as directed by sec. 564 of the Consolidated Statutes of North Carolina, in the various aspects of the case, as set forth in plaintiff appellant's exceptions?" We think so.

Fred Varley, the defendant, owned a 1929-model Dodge sedan automobile, and at the time that the plaintiff's intestate, Lois Leach, was killed, it was being driven by his son, Robert Varley, who was some nineteen years of age and living with his father. There was plenary evidence to the effect that the automobile was in general use for the pleasure and convenience of the defendant and his family, and came under the "family car" doctrine, which is the settled law in this jurisdiction. *Matthews v. Cheatham*, 210 N. C., 592. Further, the evidence was to the effect that the automobile, at the time of the accident, was being driven with the express permission and consent of the defendant.

The evidence was also to the effect that W. M. Leach, the plaintiff, was the father of Dorothy and Lois Leach. Dorothy was 12 years of age and Lois was 8½ years of age. The plaintiff sent Dorothy with a message to a neighbor, and Lois was permitted to go with her. This was on 26 December, 1934, about a quarter to six o'clock in the afternoon. The two children were on new roller skates given them Christ-

mas. It was dark and the accident occurred on their way home at about 6:00 o'clock. Robert Varley had driven the car across the Haw River bridge and was proceeding on Highway No. 10, going west. The two children, the older one in front, were coasting down grade within 18 inches or two feet of the northern side of the hard-surface highway, going east meeting Robert Varley. It was dark and the only light was that furnished by the death car and some other cars passing at the time. Dorothy was in front of Lois and as the death car approached she stepped up on the sidewalk, but Lois was struck and died shortly thereafter in a hospital. Robert Varley, the driver of the car, immediately stopped the car he was driving some 50 steps away and went back and helped to take Lois to the hospital in his car. It was in evidence that Lois was in the third grade at school and her health was good. She "was a bright child, physically normal and had good grades in school." She was often on the "honor roll." The hard surface at the point of the accident was 18 feet wide—the shoulder on the north side of the highway was 4 feet wide and was used as a walkway—and the driver of the death car, after he left the Haw River bridge, could see for 500 feet ahead. The children in skating had passed pedestrians walking. The death car was traveling 35 or 40 miles an hour at the time of the accident. "At the time the Varley boy came one (car) was in the act of passing him and the other was behind, they were meeting."

One of the witnesses for plaintiff, L. A. Barham, testified, in part, on cross-examination: "They were skating there coming and, of course, I observed them there, because to my mind I thought it was dangerous to be on skates. I thought it was dangerous for those children to be out there on that road skating, and that is what caused me to notice as close as I did. There were three cars, the lights of three cars going east, but one of them was right smart ahead of the other two and, of course, it passed me and the children before Mr. Varley's car coming on meeting them. . . . There were no stationary lights along that road; no lights other than passing automobile lights to light the road. There are no houses on either side of this road to light the road. . . . It looked like they were rolling down that grade, one behind the other."

On this evidence, and other similar evidence, the above issues were submitted to the jury. The jury found that the defendant was guilty of negligence and the plaintiff's intestate was guilty of contributory negligence. Of course, plaintiff has no complaint to make on the finding of the jury on the first issue of negligence. From a careful reading of the entire record and charge of the court, we think the whole controversy was one for the jury to determine on the issues submitted.

In regard to what extent an infant of the age of plaintiff's intestate can be guilty of contributory negligence, the court below charged the

jury as follows: "As to the second issue: 'If so, did the plaintiff's intestate by her own negligence contribute to said injury, as alleged in the answer?' Gentlemen, on this issue the burden of proof is on the defendant to satisfy you by the greater weight of the evidence that plaintiff's intestate, Lois Leach, by her own negligence, contributed to said injury, as alleged in the answer. Contributory negligence is the negligent act of the plaintiff, or, in this case, the negligent act of plaintiff's intestate, which, concurring and coöperating with the negligent act of defendant, is the proximate cause of the injury. The same rule of due care which the defendant is bound to observe applies equally to the plaintiff, except as I shall explain to you later in the case of infants. There is really no distinction between negligence in the plaintiff and negligence in the defendant, except plaintiff's negligence is called contributory negligence. The law recognizes that contributory negligence is due to either acts of omission or acts of commission. In other words, the lack of diligence or want of due care on the part of the plaintiff, in this case the plaintiff's intestate, may consist in doing the wrong thing at the time and place in question, or it may consist in doing nothing when something should have been done.

"The test is, Did the plaintiff's intestate fail to exercise that degree of care which an ordinarily prudent man would have exercised or employed under similar circumstances, and was his failure to do so the proximate cause of his injury? If this be answered in the affirmative, plaintiff cannot recover.

"Now, gentlemen, the evidence in this case is that plaintiff's intestate was a child eight and one-half years old at the time. The rule of law in regard to the negligence of an adult and the rule in regard to that of an infant of tender years is quite different. By the adult there must be given that care and attention for his own protection that is ordinarily exercised by persons of intelligence and discretion. If he fails to give it, his injury is the result of his own folly and cannot be visited upon another. Of a child of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child of three years, less caution would be required than one of seven, and of a child of seven, less than one of 12 or 15. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case. All that is required of an infant is that he exercise care and prudence equal to his capacity."

The above charge is almost in the exact language used in *Alexander v. Statesville,* 165 N. C., pages 535-6, quoting from *R. R. v. Gladmon,* 15 Wall. (U. S.), 401 (21 L. Ed., 114). The charge has been frequently approved in this jurisdiction and the *Alexander case, supra,* recently in *Boykin, Administrator, v. A. C. L. Railroad Co., ante,* 113.

The case was tried on the theory of negligence and contributory negligence. They were the only issues submitted and without objection. There was no request made by the plaintiff to the court below to charge on the last clear chance and no pleading or evidence entitling plaintiff to the issue. The court below, in a very careful charge, set forth the law applicable to the facts and fully complied with C. S., 564. The issues were ones of fact for the jury to determine. If the plaintiff desired, on different aspects of the evidence, more detailed instructions by the court below, he should have requested same by proper prayers. The court below, with unusual care and accuracy, set forth the facts and charged every material question of law applicable to the facts.

On the entire record we find no error in law.

No error.