J. K. ABSHER, BY HIS NEXT FRIEND. W. R. ABSHER, v. RUFUS MILLER AND GRADY MILLER.

(Filed 15 October, 1941.)

**Negligence § 12: Automobiles § 7—**

> Plaintiff was injured as he ran across the road in front of defendants' automobile. The evidence tended to show that plaintiff lacked only a few days being eight years old and was a bright boy. *Held:* The issue of contributory negligence should have been submitted to the jury under appropriate instructions, and the court's instruction that plaintiff, due to his tender years, could not be guilty of contributory negligence is error.

APPEAL by defendants from *Phillips, J.,* at April-May Term, 1941, of WILKES. New trial.

This was an action to recover damages for personal injury alleged to have been caused the plaintiff by the negligence of the defendants in the operation of an automobile. The plaintiff, a child eight years of age, was struck and injured as he ran across the road in front of defendants' moving automobile. There was evidence tending to show that the defendants' car was being driven negligently.

Issues of negligence and damage were submitted to the jury and answered in favor of the plaintiff, and from judgment on the verdict defendants appealed.

*W. H. McElwee for plaintiff, appellee.*
*Trivette & Holshouser for defendants, appellants.*

DEVIN, J. The defendants in their answer set up the defense of contributory negligence, and in apt time tendered an issue addressed to that

question, which the court declined to submit. The court also instructed the jury that the plaintiff, due to his tender years, could not be guilty of contributory negligence.

There was evidence tending to support the defendants' allegation of negligence on the part of the plaintiff, and the father of the plaintiff testified that at the time of the injury the plaintiff was eight years old lacking a few days, and that he was a bright boy.

We are constrained to hold that the court below was in error in the ruling complained of, and that the issue of contributory negligence should have been submitted, with appropriate instruction, under the rule laid down in *Boykin v. R. R.,* 211 N. C., 113, 189 S. E., 177; *Morris v. Sprott,* 207 N. C., 358, 177 S. E., 13; *Brown v. R. R.,* 195 N. C., 699, 143 S. E., 536; *Foard v. Power Co.,* 170 N. C., 48, 86 S. E., 804.

The defendants' motion for judgment of nonsuit was properly denied, but for the error pointed out there must be a

New trial.