JEAN GAITHER CHAMPION, ADMINISTRATRIX OF THE ESTATE OF WILLIAM STEWART CHAMPION, DECEASED, PLAINTIFF, v. JOSEPH JOHN WALLER, DEFENDANT.

(Filed 2 November, 1966.)

**1. Trial § 21—**

On motion to nonsuit, the evidence of plaintiff, as well as facts alleged in the complaint admitted by the answer, and allegations of new matter in defendant's further answer which are favorable to plaintiff, must be taken as true and interpreted in the light most favorable to plaintiff, giving him the benefit of all reasonable inferences deducible therefrom.

**2. Pleadings § 29—**

Allegations of the complaint admitted in the answer as well as allegations of new matter in the further answer favorable to plaintiff are established without the necessity of introducing them in evidence.

**3. Automobiles § 41m—**

Evidence permitting the inference that defendant was driving some 45 miles per hour on the highway when he saw or should have seen, several hundred feet in front of him, a boy riding a bicycle on the right edge of the pavement in his lane of travel, and that without sounding his horn or reducing his speed he struck the bicycle in the rear, resulting in the death of the boy, *is held* sufficient to be submitted to the jury on the questions of defendant's negligence in failing to sound his horn and in maintaining an unreasonable speed under the prevailing circumstances.

**4. Automobiles § 25—**

Any speed may be unlawful if the driver of a motor vehicle sees, or in the exercise of due care should see, a person or vehicle in his line of travel.

**5. Automobiles § 10—**

While not conclusive, the mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed or in following too closely or in failing to keep a proper lookout.

**6. Negligence § 26—**

Nonsuit may not be entered on the ground of contributory negligence of a 13 year old boy.

**7. Automobiles § 32—**

The presence of a young boy riding a bicycle on a highway is, in itself, a danger signal to a motorist approaching the bicycle from the rear.

APPEAL by plaintiff from *Braswell, J.,* at the June 1966 Civil Session of VANCE.

This is an action for damages for the alleged wrongful death of William Stewart Champion, 13 years of age. The complaint alleges that the boy was riding his bicycle eastwardly in the eastbound traffic lane of Highway 56, approximately two miles west of Louisburg, and received injuries from which he died when the defendant's station wagon, proceeding in the same direction, overtook and struck the bicycle in an attempt to pass it. It alleges that the defendant was negligent in that he failed to keep a proper lookout, drove at a speed in excess of that which was reasonable under all the circumstances and, though he saw or should have seen the boy on the bicycle, failed to sound his horn, apply his brakes, reduce his speed or turn either to the right or the left to avoid striking the bicycle, but attempted to pass the bicycle at a point where double yellow lines painted upon the center of the highway indicated that passing was prohibited.

The answer admits that William died as the result of injuries sustained in an automobile accident on the date alleged, and that he was riding a bicycle "in an easterly direction along the eastbound traffic lane" of the highway. It denies all allegations of negligence on the part of the defendant. It further denies that the curve of the highway at the point in question is sufficient to obstruct the view of the operator of a motor vehicle thereon. For a further answer the defendant pleads contributory negligence by the deceased boy, alleging that he turned his bicycle sharply to the left when the defendant's vehicle was immediately behind him and preparing to pass, so that the bicycle struck the side of the station wagon. In the further answer the defendant alleges that the defendant ap-

proached "the point at which the plaintiff's intestate was riding his bicycle, also in an easterly direction, on said highway," and that "as the defendant approached the point at which the plaintiff's intestate was riding his bicycle on the right hand edge of the hard surfaced portion of the road," the defendant slowed his vehicle.

A witness for the plaintiff testified: He was approximately 300 feet from the point of the collision when it occurred. He did not hear a horn blow or any tires screeching, but looked up in time to see the bicycle "coming off the top of a station wagon," which was traveling in the eastbound traffic lane about 45 miles per hour, and which stopped 300 feet from where the bicycle fell to the ground. No other vehicle was in sight. The witness could see along the highway for 300 feet to the east and 800 feet to the west. The station wagon sustained damage to its right headlight and ventilator. The weather was clear and the time was shortly after 1 p.m. At the point where the collision occurred, yellow lines are painted on each side of the center of the highway.

The investigating patrolman testified that he observed no skid marks on the highway, that the posted speed limit in the area of the collision is 55 miles per hour, and that there was damage to the right front fender of the station wagon behind the wheel and slight dents in the fender and just above and to the right of the right headlight.

At the close of the plaintiff's evidence, a motion for judgment of nonsuit was allowed. The allowance of this motion and the entry of the judgment pursuant thereto is the plaintiff's only assignment of error.

*Bobby W. Rogers for plaintiff appellant.*
*Bryant, Lipton, Bryant & Battle for defendant appellee.*

LAKE, J. It is elementary that in passing upon a motion for judgment of nonsuit the evidence of the plaintiff must be taken to be true, and must be interpreted in the light most favorable to him, and all reasonable inferences in his favor must be drawn therefrom. *Bowling v. Oxford,* 267 N.C. 552, 148 S.E. 2d 624.

Facts alleged in the complaint and admitted in the answer are conclusively established by the admission, it not being necessary to introduce such allegations in evidence. *Wells v. Clayton,* 236 N.C. 102, 72 S.E. 2d 16; Stansbury, North Carolina Evidence, § 177. The same is true of allegations of new matter in a further answer, which new matter is favorable to the plaintiff. In passing upon a motion for judgment of nonsuit, all such allegations in the answer are taken to be true and are to be considered along with the evidence.

So interpreted and supplemented by the admissions in the answer, the plaintiff's evidence is sufficient to support a finding that the deceased boy, at the time of the collision, was riding his bicycle on his extreme right hand portion of the pavement in accordance with the provisions of the statutes. G.S. 20-146(b); G.S. 20-38(ff). It is also sufficient to permit, but not to compel, findings that the defendant, driving at a speed not less than 45 miles per hour, saw, or should have seen, the boy so riding the bicycle upon the pavement for a distance of several hundred feet before overtaking him, that he continued to drive in the same lane of traffic as that occupied by the bicycle without sounding his horn or reducing his speed, and struck the bicycle in the rear with sufficient force to throw it over the top of the station wagon.

Under such circumstances, a failure to sound the horn is evidence of negligence. *Webb v. Felton,* 266 N.C. 707, 147 S.E. 2d 219. There is also basis for concluding that the defendant's speed was unreasonable under the prevailing conditions. "Any speed may be unlawful if the driver of a motor vehicle sees, or in the exercise of due care could and should have seen, a person or vehicle in his line of travel." *Cassetta v. Compton,* 256 N.C. 71, 123 S.E. 2d 222. While not conclusive, the mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed or in following too closely, or in failing to keep a proper lookout. *Beanblossom v. Thomas,* 266 N.C. 181, 146 S.E. 2d 36; *Burnett v. Corbett,* 264 N.C. 341, 141 S.E. 2d 468; *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62. Thus there was ample evidence, taken in conjunction with admissions in the answer, from which the jury would have been justified in finding, though not compelled to find, that the defendant was negligent and such negligence was the proximate cause of the injury and death of the plaintiff's intestate.

There is in the present record no evidence whatever of contributory negligence by the deceased boy and, he being only 13 years of age, there is a rebuttable presumption that he was not capable of contributory negligence, though the plaintiff's own evidence of his exceptionally good record in school would justify the jury in finding that he was so capable of negligence. See *Caudle v. R. R.,* 202 N.C. 404, 163 S.E. 122. The judgment of nonsuit cannot be sustained on the ground of contributory negligence by the deceased.

The very presence of a young boy riding a bicycle on the highway is, in itself, a danger signal to a motorist approaching him from the rear. Ordinarily, it is a question for the jury as to whether the motorist has responded to such danger signal as a reasonable

man would have done. See *Rodgers v. Carter,* 266 N.C. 564, 146 S.E. 2d 806.

We do not express any opinion as to what were the facts of this matter. The defendant has not yet had an opportunity to testify or offer witnesses in his behalf.

Reversed.