DAN HOOTS, Administrator of the Estate of TIMOTHY RAY HOOTS, v. RAY ELLIS BEESON.

(Filed 2 February, 1968.)

**1. Negligence § 16—**

An infant between the ages of seven and fourteen is presumed incapable of contributory negligence, but the presumption is rebuttable.

**2. Same—**

The test for determining contributory negligence of a minor is whether the child acted as a child of its age, capacity, discretion, knowledge and experience would ordinarily have acted under similar circumstances.

**3. Same; Negligence § 28—**

In the trial of an issue relating to the contributory negligence of a child between the ages of seven and fourteen, it is incumbent upon the trial court to instruct the jury on the rebuttable presumption that such child is incapable of contributory negligence, and his failure to do so constitutes prejudicial error. Overruling *Leach v. Varley,* 211 N.C. 207.

**4. Negligence § 28—**

An instruction on the issue of contributory negligence incorrectly charging an eleven-year-old boy with the same standard of care as an adult *is held* not cured by a subsequent instruction which charges that such child is rebuttably presumed incapable of contributory negligence but which omits the factors of capacity, discretion, knowledge and experience as determinative of the child's ability to avoid danger.

Appeal by plaintiff from *Shaw, J.,* February 6, 1967 Session of Yadkin.

Timothy Ray Hoots, plaintiff's eleven-year-old son, was killed Sunday afternoon, August 1, 1965, when struck by a 1959 Oldsmobile operated by defendant. Plaintiff, in his capacity as adminis-

trator of Timothy's estate, instituted this action to recover damages on account of his intestate's death.

The fatal accident occurred on a portion of N. C. Highway No. 67 in Yadkin County between East Bend and Boonville where the highway runs generally east and west. Timothy, riding a bicycle, was attempting to cross from a private driveway on the south side of the highway to the north side thereof. When struck he had reached approximately the center of the twenty-foot hard-surfaced portion of the highway. Defendant, driving east on No. 67, approached the point of collision from Timothy's left.

Plaintiff alleged Timothy's death was proximately caused by defendant's negligence in that defendant, operating his car at excessive speed, without keeping it under proper control, failed to keep a proper lookout, and, notwithstanding he saw or should have seen Timothy with the bicycle on the south side of the highway, failed to give warning by horn or otherwise of his approach and drove without decreasing speed to the scene of collision.

Defendant, answering, denied all allegations as to his negligence, and alleged conditionally that Timothy was contributorily negligent in that, notwithstanding he saw or should have seen the approaching car of defendant, he failed to keep a proper lookout, failed to keep his bicycle under proper control, and suddenly moved from a place of safety on the south side of the highway directly across the highway lane in which defendant's car was approaching.

Evidence was offered by plaintiff and by defendant.

The court submitted and the jury answered the following issues: "1. Was the plaintiff's intestate, Timothy Ray Hoots, killed by negligence of the defendant as alleged in the complaint? ANSWER: Yes. 2. If so, did the plaintiff's intestate, Timothy Ray Hoots, by his own negligence contribute to his death as alleged in the answer? ANSWER: Yes. 3. What amount, if any, is the plaintiff entitled to recover of the defendant? ANSWER............."

In accordance with the verdict, the court entered judgment that plaintiff recover nothing of defendant, that plaintiff's action be dismissed, and that the costs be taxed against plaintiff.

Plaintiff excepted and appealed.

*H. Smith Williams and R. Lewis Alexander for plaintiff appellant.*

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson for defendant appellee.*

BOBBITT, J. There was ample evidence to warrant submission of the negligence and contributory negligence issues and to support

the jury's findings thereon. The jury answered the negligence issue, "Yes." The question for decision is whether there was error in the portion of the court's charge relating to the contributory negligence issue.

Plaintiff excepts, *inter alia,* to the following portions of the court's instructions to the jury: (1) "It being the law, members of the jury, that where both parties to an action like this are negligent, that neither can recover, that the negligence of one offsets the other, so we have here the issue of contributory negligence and the law here, members of the jury, is the same as I have just given you earlier in the charge in regard to actionable negligence, except that contributory negligence here applies to the acts of the plaintiff intestate, Timothy Ray Hoots, whereas actionable negligence in the preceding issue applies to the acts of the defendant." (2) "Upon this second issue, rephrasing it, did the plaintiff's intestate fail to exercise that degree of care which a reasonably prudent *person* would have exercised under the same or similar circumstances and when charged with a like duty, and, if so, was his failure to do so one of the proximate causes of the death of the plaintiff's intestate." (Our italics.)

The instructions quoted above, standing alone, are erroneous in that they fail to take into consideration the fact Timothy was eleven years old. They are prejudicial to plaintiff unless elsewhere in the charge the court gave correct instructions concerning the significance of Timothy's age and the consideration to be given thereto in the jury's determination of the contributory negligence issue.

The court gave this general instruction: "Whether a child of tender years can exercise due care under the circumstances is to be determined in relationship to the age, knowledge, intelligence, exprience, discretion of the particular child involved."

The only instruction *in the original charge* bearing upon the contributory negligence issue in which inference is made to the ages of children and particularly to the age of Timothy is the following: "The court instructs you that the evidence in this case tends to show that the plaintiff's intestate at the time of his injury was a boy 11 years of age. The rule of law in regard to the negligence of an adult person and the rule of law with regard to a child of tender years is quite different. By adult there must be given that care and attention that is ordinarily exercised by a person of ordinary intelligence and discretion. Of a child of tender years less intelligence and discretion is required and the degree depends upon his age and knowledge. Of a child of *three* years less discretion would be required than one of *seven*, and of a child of *seven* less than one of *twelve* or *fifteen*. The care required is according to the capacity of the child, and this is to be determined in each case by the circumstances of that case. All that

is required of an infant is that he exercise due care equal to his maturity and capacity." (Our italics.)

The instruction quoted in the preceding paragraph, in all material respects, is in the language of an instruction approved in *Leach v. Varley,* 211 N.C. 207, 189 S.E. 636, an action in which the plaintiff failed to recover because the jury found the intestate, the plaintiff's eight and one-half year old daughter, guilty of contributory negligence. In *Leach,* as in the original charge in the present case, the instruction contained no reference to a presumption relating specifically to a child between the ages of seven and fourteen. The instruction approved in *Leach* is in conflict with decisions discussed below.

In this jurisdiction, a child under seven years of age, as a matter of law, is incapable of contributory negligence. *Walston v. Greene,* 247 N.C. 693, 102 S.E. 124, and cases cited. With reference to a child fourteen years of age, "There is a rebuttable presumption that he possessed the capacity of an adult to protect himself and he is, therefore, presumptively chargeable with the same standard of care for his own safety as if he were an adult." *Welch v. Jenkins,* 271 N.C. 138, 155 S.E. 2d 763, and cases cited.

The opinion in *Leach* states the instruction approved therein "is almost in the exact language *used*" in *Alexander v. Statesville,* 165 N.C. 527, 81 S.E. 763. (Our italics.) In *Alexander,* a personal injury action, the plaintiff was a boy "about 7 years old." Issues of negligence, contributory negligence and damages were submitted. The jury answered the negligence issue, "No," and did not answer the other issues. Although the jury's answer to the negligence issue was determinative, the opinion of Walker, J., is replete with quotations from this and other jurisdictions relating to rules applicable in determining whether a child of tender years is contributorily negligent, including a quotation, in substantial accord with the instruction approved in *Leach,* from the opinion of Mr. Justice Hunt in *Railroad Company v. Gladmon,* 82 U.S. (15 Wall.) 401, 21 L. Ed. 114 (1872). The plaintiff therein, a seven-year-old boy, sued a street railway company. The case was heard by the Supreme Court of the United States on defendant's appeal from an adverse verdict and judgment in a trial court of the District of Columbia. The defendant assigned as error the court's failure to instruct the jury *as requested* in relation to contributory negligence. It was held the requested instructions were properly refused because they failed to take into account the fact the plaintiff was a seven-year-old boy.

The opinion in *Leach* also refers to the instruction approved therein as having been approved in *Boykin v. R. R.,* 211 N.C. 113,

189 S.E. 177. In *Boykin,* the plaintiff's intestate was a ten-year-old boy. The plaintiff appealed from a judgment of involuntary nonsuit entered at the conclusion of the plaintiff's evidence on the ground the plaintiff's intestate was guilty of contributory negligence as a matter of law. In reversing the nonsuit, Stacy, C.J., stated: "There is *a presumption* which comes to the aid of a child of tender years." (Our italics.) *Caudle v. R. R.,* 202 N.C. 404, 163 S.E. 122, is cited in support of the quoted statement. The opinion in *Boykin* refers to and quotes from *Rolin v. Tobacco Co.,* 141 N.C. 300, 53 S.E. 891.

In *Rolin,* Connor, J., quotes from the opinion of Haralson, J., in *Tutwiler Coal, Coke and Iron Co. v. Enslen, Adm.,* 129 Ala. 336, the following: "Between 7 and 14 a child is *prima facie* incapable of exercising judgment and discretion, but evidence may be received to show capacity."

In *Caudle,* the plaintiff's intestate was a twelve-year-old boy. A demurrer on the ground the facts alleged in the complaint disclosed the plaintiff's intestate was contributorily negligent as a matter of law, was overruled. This Court affirmed. With reference to contributory negligence, the opinion of Clarkson, J., contains this statement: *"Prima facie* presumption exists that an infant between ages of 7 and 14 is incapable of contributory negligence, but presumption may be overcome. Test in determining whether child is contributorily negligent is whether it acted as child of its age, capacity, discretion, knowledge and experience would ordinarily have acted under similar circumstances." In support of the quoted statement, the opinion cites *Chitwood v. Chitwood,* 159 S.C. 109, 156 S.E. 179.

In *Chitwood,* the opinion contains the following: "As to capacity, it is held in this State, by analogy to the criminal law, that an infant under 7 years of age is conclusively presumed to be incapable of contributory negligence (citations); that between the ages of 7 and 14 there is a *prima facie* presumption of such incapacity, which, however, may be overcome by evidence showing capacity (citations); and, by clear implication, that an infant of the age of 14 years or over will be presumed capable of contributory negligence in the absence of proof to the contrary (citations)."

Our research indicates *Leach* has been cited only in *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488, an action in which the plaintiff's intestate was eight years of age. Issues of negligence, contributory negligence and damages were answered in favor of the plaintiff. Upon the defendant's appeal, this Court found no error. *Leach* was one of three cases cited by Ervin, J., in support of the general proposition that whether the plaintiff's intestate was contributorily negligent was "a question of fact to be answered by the jury in the

light of the intelligence, age, and capacity of the intestate." Although not challenged on appeal as erroneous, the record shows the trial judge included in his charge an instruction in accord with that approved in *Leach*.

The opinions in *Leach* and in *Hughes* contain no reference to *Caudle v. R. R., supra*. *Caudle* was cited in *Walston v. Greene, supra*, where Parker, J. (now C.J.), in marking the distinction between a child under seven years of age, who is conclusively presumed incapable of contributory negligence, quotes *Caudle* as authority for the proposition that a *"prima facie* presumption exists that an infant between ages of 7 and 14 is incapable of contributory negligence, but presumption may be overcome."

In *Adams v. Board of Education*, 248 N.C. 506, 103 S.E. 2d 854, this Court, in opinion by Johnson, J., said: "The rule obtains in this jurisdiction that in determining whether a child is contributorily negligent in any given situation a *prima facie* presumption exists that an infant between the ages of seven and fourteen is incapable of contributory negligence, but the presumption may be overcome. The test in determining whether the child is contributorily negligent is whether it acted as a child of its age, capacity, discretion, knowledge and experience would ordinarily have acted under similar circumstances." *Caudle* and *Walston* are cited in support of this statement. The opinion in *Adams* refers to Annotations, "Contributory negligence of children," in 107 A.L.R. 4 and in 174 A.L.R. 1080. *Adams* and decisions from other jurisdictions in accord with *Adams* are cited in Annotation, "Modern trends as to contributory negligence of children," 77 A.L.R. 2d 917, 925-927.

The legal principles stated by Johnson, J., in *Adams*, quoted above, have been accepted and applied consistently in our later decisions. *Hutchens v. Southard*, 254 N.C. 428, 432, 119 S.E. 2d 205, 208; *Hamilton v. McCash*, 257 N.C. 611, 619, 127 S.E. 2d 214, 219; *Ennis v. Dupree*, 258 N.C. 141, 145, 128 S.E. 2d 231, 235; *Champion v. Waller*, 268 N.C. 426, 429, 150 S.E. 2d 783, 786; *Bell v. Page*, 271 N.C. 396, 156 S.E. 2d 711. (In these, judgments of involuntary nonsuit were reversed.) *Hedrick v. Tigniere*, 267 N.C. 62, 65, 147 S.E. 2d 550, 552; *Harris v. Wright*, 268 N.C. 654, 656, 151 S.E. 2d 563, 565. (In these, judgments of involuntary nonsuit were affirmed on the ground there was insufficient evidence to support a finding of negligence.) *Brown v. Board of Education*, 269 N.C. 667, 671, 153 S.E. 2d 335, 339. (In this, the Industrial Commission's finding that the twelve-year-old school boy was not contributorily negligent was upheld.) *Wilson v. Bright*, 255 N.C. 329, 331, 121 S.E. 2d 601, 603; *Phillips v. R. R.*, 257 N.C. 239, 243, 125 S.E. 2d 603, 606; *Weeks v.*

*Barnard,* 265 N.C. 339, 143 S.E. 2d 809; *Wooten v. Cagle,* 268 N.C. 366, 371, 150 S.E. 2d 738, 742; *Watson v. Stallings,* 270 N.C. 187, 193, 154 S.E. 2d 308, 312. (In these, issues of negligence, contributory negligence and damages were submitted to the jury. In each instance, the contributory negligence issue related to a child between the ages of seven and fourteen. In *Wilson,* the jury answered the contributory negligence issue, "No." In *Phillips, Weeks, Wooten* and *Watson,* the jury answered the contributory negligence issue, "Yes.")

In *Wilson, Phillips, Weeks, Wooten* and *Watson,* the court, in charging the jury, gave instructions to the effect that the child involved was presumed to be incapable of contributory negligence, but that such presumption may be rebutted by evidence showing such capacity.

We are of opinion, and so decide, that, upon the trial of an issue relating to the alleged contributory negligence of a child between the ages of seven and fourteen, the rebuttable presumption that such child is incapable of contributory negligence is a substantial feature of the case, and that it is incumbent upon the trial judge to instruct the jury as to its significance. The burden of proof on such contributory negligence issue is on the defendant. Hence, the presumption does not run in favor of the party upon whom rests the burden of proof but is adverse to such party. A failure of the trial judge to instruct the jury as to this presumption constitutes prejudicial error.

The instruction quoted and approved in *Leach v. Varley, supra,* is in conflict with our later decisions and is erroneous. In this respect, *Leach* is expressly overruled.

There remains for consideration whether the erroneous instructions in the original charge were prejudicial in view of the matters stated below. After the judge had completed his original charge, counsel for plaintiff was permitted to approach the bench. Thereafter, the record shows: "COURT: Members of the jury, I want to read to you a legal comment on the document of contributory negligence of minors. As a matter of law, a child under seven years of age is incapable of contributory negligence. Thus it has been held that a 3 year old child, a 4 year old child, and a 4½ year old child are incapable of negligence, primary or contributory. A child between the ages of 7 and 14 is presumed to be incapable of contributory negligence but the presumption is rebuttable between the ages of 7 and 14, a child is not chargeable with the same degree of care as an adult but is required to exercise such prudence for his own safety as one of his *age* may be expected to possess. And that is a question for the jury." (Our italics.)

The portions of the charge to which plaintiff excepted, appropriate to a determination of contributory negligence with reference to an adult, are erroneous in that they fail to take into consideration the fact that Timothy was eleven years of age. The instruction given the jury in the original charge with reference to the contributory negligence of an eleven-year-old boy was deficient and erroneous. With reference to the court's brief supplemental statement, it is noted: No child of the age of three or four or four and one-half years was involved in this case. Too, *age* was the *only factor* mentioned as a basis for determination of the capacity of a child between the ages of seven and fourteen. This was error. The presumption that a child between the ages of 7 and 14 is incapable of contributory negligence "may be overcome by evidence that the child did not use the care which a child of its *age, capacity, discretion, knowledge,* and *experience* would ordinarily have exercised under the same or similar circumstances." (Our italics.) *Weeks v. Barnard, supra.*

The question is whether this supplement, even if treated as a positive instruction, was sufficient to clarify the legal principles applicable to the contributory negligence issue. We are constrained to hold it was insufficient to remove what otherwise was prejudicial error. Indeed, as indicated, the supplement itself was deficient and therefore erroneous. Hence plaintiff is awarded a new trial.

New trial.