GRACE M. SPITTLE, ADMINISTRATRIX, v. CHARLOTTE ELECTRIC
RAILROAD COMPANY ET AL.

(Filed 8 May, 1918.)

1. **Street Railways—Negligence—Proximate Cause—Fire Engines—Munici-
pal Corporations—Cities and Towns—Streets—Railroads.**

Where street cars, under a valid ordinance of a city, are required to
stop for fire trucks, etc., going to a fire, and there is evidence that the
motorman on one of them, on such occasion, could have heard the ap-
proach of a second fire truck after the passage of one of them, and also
understood the signals given by the first of the approach of the second
one and ran his car at a speed of 8 or 10 miles an hour into a street
intersection where the second truck was to cross, running at 25 or 35
miles an hour, which could not have been stopped on seeing the street car
in time to avoid the injury; in an action by an employee of the city on the
second truck, driven by another employee in charge, to recover for a per-
sonal injury thus received; *Held,* defendants' request for instruction
eliminating the element of proximate cause was properly refused.

2. **Same—Evidence.**

When it is material to the inquiry in a personal injury negligence suit,
whether defendant's motorman on its street car should have heard the
approach of a fire truck at a street crossing a block or two away, evi-
dence is properly admitted tending to show the distance similar trucks
could be heard by other motormen on similar cars under like conditions.

3. **Instructions—Evidence—Negligence—Prayers for Instruction.**

A modification of defendant's request for instruction in a personal in-
jury negligence case, so as to incorporate other negligence acts of defend-
ant, the evidence tended to show and omitted from the request, is proper.

4. **Instructions—Negligence—Concurring Negligence — Prayers for Instruc-
tion.**

Where the evidence tends to show concurring negligence of the defend-
ant in a personal injury negligence case, defendant's request for instruc-
tion which omits this phase of the controversy is properly refused.

5. **Instructions—Evidence—Questions of Fact—Prayers for Instruction.**

A request for instruction is properly refused in a personal injury negli-
gence case when erroneously based upon a conclusion of law instead of
an issue of fact, or upon a principle of law unsupported by the evidence.

6. **Street Railways—Municipal Corporations—Cities and Towns—Ordinances
—Negligence—Question of Law.**

Where a personal injury is alleged to have been proximately caused by
the negligence of the defendant street car company's motorman, and there
is evidence, among other things, tending to show he was running the car,
under the circumstances, at a speed greater than that allowed by a valid
city ordinance, his thus running the car is negligence as a matter of law,
if established, entitling the plaintiff to recover if it was the proximate
cause of his injury.

32—175

### 7. Municipal Corporations—Fire Regulations—Ordinances.

An ordinance regulating the speed of street cars therein outside of the fire limits, requiring them to stop for the passage of fire engines going to a fire, etc., giving the firemen thereon the right of way upon the streets, etc., is a valid one.

APPEAL by defendant from *Long, J.*, at February Term, 1918, of MECKLENBURG.

This action is by the administratrix of her deceased husband, who was a fireman in Charlotte, for his death caused by collision between the automobile fire truck upon which he was riding and the street car of the defendant. The collision took place at the center of the intersection of two streets which crossed at right angles. The fire truck hit the street car about the center of the car, knocking it around and turning it crosswise.

The deceased was a machinist in the city fire department and riding on the fire truck, but had nothing to do with driving it or controlling its movements. The fire alarm having been given, the truck was running at a speed of 25 to 35 miles per hour, exhausting, sounding its gong, and blowing its horn continuously from the time it left the central fire station until the collision. On approaching the Southern Railroad crossing, it slowed up to about 15 miles an hour. Thereafter it again increased its speed to 25 to 35 miles per hour until the driver of the fire truck saw the street car, just before he reached the street upon which the street car was running. The driver of the truck, on perceiving the street car, applied his emergency brake and locked the rear wheels of his truck. According to the testimony of the draftsman who had prepared the blue-print in evidence, the distance from the Southern Railroad crossing to the point of collision is 500 feet, and there is testimony that 150 feet further the truck could have been seen by the motorman on the street car, who by that time was 80 feet from the point of collision.

The street car as it approached the crossing where the collision occurred was running 8 to 10 miles an hour until it got within 10 feet of the line of Park Avenue, on which the fire truck was coming, when it slowed down to 4 to 5 miles an hour, as if in the act of stopping. But when the motorman, looking down the avenue, saw the approach of the fire truck some hundred feet away, he suddenly speeded up the car and ran it on the crossing just in time to be hit by the fire truck. The motorman admitted that if he had seen or had heard the approach of the fire truck he could have stopped his car within 45 feet if running from 8 to 10 miles an hour. Two of the defendants' witnesses testified that if the car was running 6 miles an hour it could have been stopped within 12 feet. The plaintiff's witness testified that he had made the test with a similar fire truck, at the same point, under similar conditions,

and that running 27 miles an hour the truck could not have been stopped in less than 200 feet.

The plaintiff's witnesses testified that when this fire truck was running at a speed of 25 to 35 miles an hour, making its usual noises and signals, it could be heard from half a mile to a mile, and that motormen operating cars similar to the one used should have heard it from 2 to 8 blocks away. The motorman testified that under such conditions he should have heard it a block away.

The Ordinances of Charlotte, sec. 93, require all street cars running outside of the fire limits to stop on the approach of any fire engine being operated in response to the fire alarm. Section 94 gives fireman operating fire trucks the right of way over all streets while responding to a fire alarm. Section 408 (14) requires the driver of street cars upon the approach of fire trucks to stop his car and keep it stationary until such fire truck shall have passed. The jury found that the plaintiff's intestate was killed by the negligence of the defendant Southern Public Utilities Company as alleged in the complaint, and assessed the damages. From judgment upon the verdict the defendant appealed.

F. M. Redd and Cansler & Cansler for plaintiff.
C. W. Tillett and Osborne, Cocke & Robinson for defendants.

CLARK, C. J. The issue is almost entirely one of fact as to the proximate cause of the collision in which the plaintiff's intestate was killed.

The plaintiff contends that the driver of the fire truck was not guilty of negligence; that running at a speed of 25 to 35 miles an hour in response to the fire alarm he had a right to assume that the motormen of all street cars and other vehicles in obedience to the ordinances of the city would give the right of way. And that it was impossible for the driver of the truck to have stopped in time to have avoided the collision after he saw or should have seen the street car, and that if when he turned into the avenue on which the street car was running he had endeavored to avoid the collision by slowing up and turning to the left or right, the truck would have skidded broadside and have done more damage to the occupants of the street car as well as to those on the truck.

The motorman of the street car, according to his own evidence, should have heard the approach of the fire truck at least a block, and according to the evidence of the plaintiff's witnesses at least three blocks away.

Assignments of error 1 and 2 cannot be sustained. It was competent for the plaintiff to prove by other motormen the distance in which they had heard the approach of similar fire trucks while operating street cars under similar conditions.

As to assignments of error 4, 5, and 7, the trial judge committed no error in modifying the defendant's prayers for instruction in regard to

the negligence of the truck driver by requiring the jury to find that his negligence was the sole proximate cause of the injury, before answering the issue as to negligence of the defendant "No." Unless the negligence of the driver of the truck was the sole proximate cause of the injury, the court could not charge the jury to answer the first issue "No." *Crampton v. Ivie,* 126 N. C., 894; *McMillan v. R. R.,* 172 N. C., 853. In the latter case the Court said: "Where intestate was killed by the collision of an automobile in which he was riding, independently driven by another, with a train at a crossing, the negligence of the driver may be considered only upon the question of proximate cause in the action against the railroad."

Whether on the facts of this case the negligence of the driver of the truck was the sole proximate cause of the injury, was a question essentially for the jury. According to plaintiff's testimony, the approach of the truck could have been heard by the driver of the street car several blocks before the point of collision was reached. The motorman says at least a block away, and the witnesses on both sides testify that the motorman could have seen the approach of the truck when it was 150 feet south of the place where the collision occurred.

Sixth assignment of error. It was proper for the judge to modify the defendants' fourth prayer for instruction by requiring the jury to find the driver of the street car was not guilty of any other act of negligence, though not specified in the prayer, before answering the first issue "No."

Eighth assignment of error. The court also properly refused to charge as requested in the defendants' sixth prayer, because that required the jury to answer the first issue "No," even though they should find the motorman was guilty of concurring negligence.

Ninth assignment of error. The court also properly modified the defendants' seventh prayer by requiring the jury to find that the alleged negligence of the truck driver was the sole proximate cause of the injury before they could answer the first issue "No."

Tenth assignment of error. The court also properly refused the defendants' eighth request to charge, for it was a question of fact as to whether the motorman heard, or understood, the warning of the driver of the first truck that another was following.

Eleventh and twelfth assignments of error. The defendant's ninth and tenth prayers were refused evidently because not based upon the evidence, the motorman having admitted that if the truck had been making the usual noises he could have heard it a block away.

Thirteenth assignment of error. The court properly declined to give the twelfth instruction asked because if the motorman discovered, either from the warning of the driver of the first truck, or otherwise, that a

second truck was approaching in consequence of the alarm of fire, the city ordinance required him to stop his car immediately.

The fourteenth assignment of error. The court did not err in charging as requested by the plaintiffs in their second prayer. If the motorman ought to have seen the approach of the second truck in time to have stopped, his failure to do so was in violation of a city ordinance and negligence as a matter of law. If such negligence was the proximate cause of the injury, the defendant was liable therefor.

The case turns almost entirely upon the question whether upon the evidence there was violation of the city ordinance by the motorman which was the cause or the concurring cause of the collision. There can be no question of the validity of the ordinances in question. The plaintiff not being in control of the fire truck, the defendant was not entitled to have the issue of negligence answered in its favor unless the negligence of the driver of the fire truck was the sole proximate cause of the collision. *Crampton v. Ivie, supra.*

The amount of damages, and the earnestness and ability with which the cause has been presented in this Court, and doubtless in the court below also, have caused us to consider with great care the contentions of the parties. But aside from the issues of fact, which were solely for the jury, the propositions of law are in a small compass, and we think are summed up in stating the above conclusions of the Court.

No error.