A. L. DAIL v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 25 September, 1918.)

1. **Railroads— Crossings— Street Cars— Motormen—Negligence—Contributory Negligence—Proximate Cause—Speed Ordinance.**

In an action to recover damages of a railroad company for a personal injury to plaintiff, temporarily acting for a motorman, at his request, in running a street car approaching a railroad crossing, there was evidence tending to show that the street car was very slowly moving towards the railroad track, and that the defendant's train, hidden by an obstruction, was exceeding the speed ordinance of the town and moving backwards without signal or proper lookout, ran upon the street car, just entering upon the railroad track, and injured the plaintiff. *Held*, sufficient to take the case to the jury upon the issue of defendant's actionable negligence, and as to whether the plaintiff was guilty of contributory negligence in acting without taking a reasonable and proper observation as to the danger, or whether he should have stopped the street car, in the exercise of reasonable care, before going upon the crossing. The judge left the question of proximate cause to the jury under a proper charge.

2. **Railroads— Street Railways— Crossings— Negligence— Contracts— Evidence.**

A contract between a street car company and a railroad company requiring that the cars of the former should come to a full stop a distance of fifty feet before reaching a railroad crossing is no defense to an action against the railroad company brought by one operating the car, to recover for an injury alleged to have been caused by the train negligently running upon the car, when the plaintiff had no knowledge thereof and was not a party thereto; and the contract is properly excluded from the evidence.

3. **Actions—Parties—Contracts—Negligence.**

The liability of a street car company to a railroad company under a contract for injuring the former's motorman in a collision at a crossing will not be considered in the motorman's action against the railroad company alone.

APPEAL by defendant from *Allen, J.,* at February Term, 1918, of CRAVEN.

This is an action for personal injuries sustained by the negligence of the defendant.

*D. L. Ward and A. D. Ward for plaintiff.*
*Moore & Dunn for defendant.*

CLARK, C. J. The plaintiff was temporarily operating a street car in New Bern, as it approached the crossing of the defendant's track. He was a policeman, but had formerly been a motorman on the street car and was familiar with its operation. On this occasion the motorman desired to change his shoe, and at his request the plaintiff ran the

car for a short distance. As he approached the crossing, he testified that he slowed down the car, which was barely moving, and listened, but could not see the approaching train because of a building at the corner, until within a few feet of the railroad track. The defendant was backing nineteen box cars, with the engine at the other end, through a populous section of the city without any one on the car next to the crossing to keep a lookout or wave a flag or give any other notice. There was evidence that it did not ring the bell, and that it was running more than ten miles an hour in violation of the ordinance of the city of New Bern, which prohibits the defendant from running its cars through the street at a greater speed than five miles an hour.

The street car which plaintiff was operating was moving very slowly, and had gotten about six inches on the plaintiff's track when the defendant's train backing at a forbidden speed struck the car, knocked it off the track, and injured the plaintiff.

The defendant excepted because the court charged the jury that if it should find that the defendant was running its train backwards at an excessive rate of speed in violation of the city ordinance, without ringing the bell, and without having a proper lookout on the car next to the crossing, and ran down the street car, injuring the plaintiff, and it should further find that this negligence was the proximate cause of the injury, to answer the first issue "Yes," otherwise to answer "No." He also instructed the jury, in substance, that it was the duty of the plaintiff operating the street car, on approaching the crossing, to have the car under control and not to approach the crossing without making a reasonable and proper observation, whether there was any danger ahead, and before going upon said crossing to stop, look and listen for the said train, if the jury should find upon the evidence that he should have done so in the exercise of reasonable care, and if he failed to do so and such failure was the proximate cause of the injury, the plaintiff could not recover.

The defendant excepted to the above charges, but they are sustained by the carefully considered opinion of *Hoke, J.*, in *Shepard v. R. R.*, 166 N. C., 539, that whether the failure of the driver of a vehicle crossing a railroad track to come to a full stop is contributory negligence, barring a recovery, is for the jury upon the evidence. The trial judge seems to have followed carefully that case, which has been approved. *Hunt v. R. R.*, 170 N. C., 444; *Brown v. R. R.*, 171 N. C., 270.

The defendant offered a contract between the street railroad company and the defendant which provided that the street cars should come to a full stop a distance of fifty feet before reaching the crossing. The plaintiff was not a party to this contract and testified that he had never heard of it. The court properly excluded it. Such contract might be

competent in an action between the street car company and the defendant, but was no protection to the railroad company for injuries sustained by the plaintiff by reason (as the jury find) of the defendant running its train backward at an excessive speed, prohibited by the city ordinances, and without lookout on the rear end of the car. *Burton v. Mfg. Co.,* 132 N. C., 17. This seems to have been the real question in the case.

The court submitted the question of proximate cause to the jury. *Spittle v. R. R.,* 175 N. C., 500.

Whether the defendant can recover out of the street car company for the damage sustained by the plaintiff under its contract with the street railroad, which provides that it "will indemnify and save harmless the A. C. L. R. R. Co. from any and all loss, cost or damage, which may be incurred by said A. C. L. R. R. Co. by reason of any accident or casualty occurring at said crossing, which is proximately due to the neglect of the street railroad company or its employees, either in the operation of its cars over said crossing or in the safe and proper maintenance of the same," is a question which can arise only in an action by the railroad company to recover of the street railroad company the sum which it will pay out under this judgment.

No error.