## C. F. FARRALL v. UNIVERSAL GARAGE COMPANY, INC.

(Filed 31 March, 1920.)

**1. Negligence—Evidence—Nonsuit—Trials—Automobiles—Garage.**

Where the action is to recover damages to the plaintiff's automobile left with others in the defendant's public garage, and taken out by defendant's employees, but at night after his working hours, and injured, based upon the allegation that the defendant, at the time, was negligent in not properly safeguarding the garage, where the automobiles of others were kept, and there was evidence that the garage did not have an inner gate and the machine was taken when the watchman or another employee in charge had gone upstairs to close some windows; *Held*, a motion as of nonsuit upon the evidence was properly overruled.

**2. Negligence—Evidence—Subsequent Acts—Garage—Automobiles—Appeal and Error—Prejudicial Error—Trials.**

In an action by the owner of an automobile against the keeper of a public garage for not properly safeguarding machines left by the public therein, so that the automobile was taken out at night by a third person and injured, there was evidence that, at the time, the garage did not have an inner gate. *Held*, it was reversible error to admit evidence over the defendant's objection, that since then he had put in an inner gate, as such precaution would not be an admission of responsibility and would tend to create a prejudice in the minds of the jury; and does not fall within the exceptions to the rule as laid down in *Pearson v. Clay County*, 162 N. C., 224, and other like decisions.

**3. Negligence—Measure of Damages—Cost of Repairs—Automobiles.**

Where the owner of an automobile brings action to recover damages of the owner of a public garage for negligently allowing his machine to be taken therefrom by a third person and injured, the measure of damages is the difference in the value of the machine before and after the occurrence, and not alone the expense necessary to put the machine back in the same condition, as nearly as possible, as it was in before it was injured, though the cost and expense of the repairs may be considered as evidence, in proper instances.

APPEAL by defendant from *Calvert, J.*, at the October Term, 1919, of CUMBERLAND.

This is an action to recover damages for injury to an automobile.

It was admitted that the plaintiff was the owner of the automobile, and that he had left it at the garage of the defendant to be taken care of for hire.

The plaintiff introduced evidence tending to prove that the automobile was taken from the garage at night without his consent by one Lee, who was in the employment of the defendant, and that it was damaged; that at the time it was taken from the garage there were automobiles in the garage, including his own, of the value of about $50,000; that the doors of the garage were open, and that there was no one present to protect them.

The defendant introduced evidence tending to prove that while Lee was in the employment of the defendant, his working hours were over at six o'clock, and that the automobile was taken from the garage between eleven and twelve o'clock; that David McLaurin was in charge of the garage on the night the automobile was taken; that about eleven o'clock Lee came to the garage and asked permission to use the automobile of the plaintiff, and that McLaurin told him he could not use it unless the plaintiff gave his permission to do so over the phone or by written order; that Lee then left, and about three-quarters of an hour thereafter McLaurin left the front of the garage temporarily for the purpose of going to the second story of the garage to close some windows, and that while thus temporarily absent he heard a noise indicating that some one was starting an automobile; that he ran down as quickly as he could and found Lee leaving with the automobile of the plaintiff, and that he remonstrated with him but could not stop him.

On the cross-examination of this witness it was shown by the plaintiff that there was no inner gate at the garage at the time the automobile was taken therefrom.

This witness was thereafter recalled by the plaintiff for further cross-examination as follows:

Q. Have you got an inner gate there in that garage now? A. Yes, sir.

Q. And it was put there since this happened? A. About four months after this happened.

Q. But it was put there since this happened? A. Yes, sir.

Q. And you keep it locked all the time after dark? A. No, sir.

Q. Except when cars are out? A. No, sir.

Q. You lock it at night? A. Yes, sir; when I go home.

In apt time the defendant objected to each and every one of the questions asked this witness, and the replies made by the witness thereto; objection overruled, and defendant excepted.

At the conclusion of the evidence there was a motion for judgment of nonsuit, which was refused, and the defendant excepted.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*John H. Cook and Cook & Cook for plaintiff.*
*Sinclair & Dye for defendant.*

ALLEN, J. There would be much force in the defendant's motion for judgment of nonsuit if the plaintiff was seeking to recover damages on account of the negligence of Lee, because he took the automobile after his working hours were over, and there is good reason for urging that at that time he was not in the employment of the defendant, but this is not the ground of the plaintiff's action.

He is demanding damages, not for the negligence of Lee, but for the negligence of the defendant itself in leaving the automobile unprotected, with the doors open and no one in charge, so that any one passing could take it, and that his automobile was taken and damaged by reason of the failure of the defendant to exercise ordinary care, and on this phase of the case we are of opinion there is evidence for the consideration of the jury.

There is, however, an exception which entitles the defendant to a new trial, and that is to the admission of evidence that since the injury complained of the defendant has made changes in the premises by erecting inner gates at the garage.

A leading case on this subject is *Hawthorne v. R. R.,* 144 U. S., 202, in which the Court says:

"Upon this question there has been some difference of opinion in the courts of the several States; but it is now settled, upon much consideration, by the decisions of the highest courts of most of the States in which the question has arisen, that the evidence is incompetent because the taking of such precaution against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against the defendant.

"The true rule and the reasons for it were well expressed in *Morse v. Railway Co.,* above cited, in which *Mr. Justice Mitchell,* delivering the unanimous opinion of the Supreme Court of Minnesota, after referring to earlier opinions of the same Court the other way, said: 'But, on mature reflection, we have concluded that evidence of this kind ought not to be admitted under any circumstances, and that the rule heretofore adopted by this Court is on principle wrong; not for the reason given by some courts, that the acts of the employees in making such repairs are not admissible against their principals, but upon the broader ground that such acts afford no legitimate basis for construing such an act as an admission of previous neglect of duty. A person may have exercised all the care which the law required, and yet, in the light of his new experience, after an unexpected accident has occurred, and as a measure of extreme caution, he may adopt additional safeguards. The more careful a person is, the more regard he has for the lives of others, the more likely he would be to do so; and it would be unjust that he could not do so without being liable to have such acts construed as an admission of prior negligence. We think such a rule puts an unfair interpretation upon human conduct, and virtually holds out an inducement for continued negligence.' 30 Minn., 465, 468.

"The same rule appears to be well settled in England. In a case in which it was affirmed by the Court of Exchequer, *Baron Bramwell* said: 'People do not furnish evidence against themselves simply by adopting a new plan in order to prevent the recurrence of an accident. I think that a proposition to the contrary would be barbarous. It would be, as I have often had occasion to tell juries, to hold that, because the world gets wiser as it gets older, therefore it was foolish before.' *Hart v. Railway,* 21 Law T. (N. S.), 261, 263."

This authority is cited and the excerpts quoted approved in *McMillan v. R. R.,* 172 N. C., 855, and the same doctrine is declared in *Lowe v. Elliott,* 109 N. C., 582; *Myers v. Lumber Co.,* 129 N. C., 252; *Aiken v. Mfg. Co.,* 146 N. C., 328, and in other cases.

It is true there are exceptions to the rule, illustrated by *Blevins v. Cotton Mills,* 150 N. C., 493; *Tise v. Thomasville,* 151 N. C., 281; *Boggs v. Mining Co.,* 162 N. C., 394; *Pearson v. Clay County,* 162 N. C., 224, where such evidence is admitted to show that the plaintiff's injury was brought about in the way claimed by him, or on the question as to whose duty it was to make repairs, when this was in controversy, or to show conditions existent at the time of the injury, or in contradiction of a witness, but the evidence admitted here is not within any of the exceptions.

The defendant introduced McLaurin, its manager, who testified on cross-examination that there was no inner gate when the automobile was taken from the garage, and he was afterwards recalled by the plaintiff for further cross-examination, and it was then that he was permitted to testify over the objection of the defendant that inner gates were erected at the garage about four months after the injury complained of.

This latter evidence did not tend to show that the plaintiff was injured in the way he claimed or conditions existing at the time of the injury, because the witness had already testified that there were no inner gates at the garage at the time of the injury, nor was the question as to whose duty it was to make repairs raised, and it had no tendency to contradict any statement made by any witness for the plaintiff or the defendant.

The evidence was important because it enabled the plaintiff to urge before the jury that the defendant, by erecting the inner gates, had in effect admitted that the precautions of the defendant at the time the automobile was taken were insufficient, and that they had negligently failed to erect a barrier which would have prevented the taking of the automobile.

There is also an exception in the record to that part of the charge on the issue of damages in which his Honor instructed the jury that the

measure of damages was the expense necessary to put the automobile in the same condition as near as possible as it was before it was injured.

. The correct and safe rule is the difference between the value of the machine before and after its injury, and in estimating this difference it is proper for the jury to consider the cost and expenses of repairs and in some instances this may be the damage which a party may be entitled to recover, but in this case the cost of repairs might be more or less, and it is better to adhere to the well settled rule.

For the error pointed out there must be a

New trial.