Frank L. MYERS and City of Louisville,
Appellants,

v.

Mary Anne ABLE, Appellee.

Court of Appeals of Kentucky.

June 30, 1967.

Marshall B. Woodson, Jr., Robert L. Durning, Jr., Woodson, Barker & Durning, Louisville, for appellants.

Raymond C. Stephenson, Hottell, Stephenson & Burke, Louisville, for appellee.

WADDILL, Commissioner.

The City of Louisville and one of the members of its fire department, Frank Myers, appeal from a judgment awarding appellee, Mary Anne Able, $5,000 for personal injuries sustained by her when a city-owned fire truck driven by Myers struck the car she was driving. Appellants contend that the court erred in overruling their motion for a directed verdict and in instructing the jury.

Appellants argue that: (1) The provisions of KRS–189.320 and Louisville General Ordinance 331.22 give emergency vehicles (KRS 189.011(1) (a)) the right of way and appellee's violation of them constituted contributory negligence, (2) they were not negligent because the due regard for the safety of the public required by these legislative enactments, was satisfied by the appellant, and (3) the evidence to support the finding of liability lacks sufficient probative value when contrasted with a preponderance of evidence showing no negligence of Myers.

Shortly before noon on January 4, 1964, appellee was driving east on Garland Avenue at about 20 mph. She entered the intersection of Garland Avenue with 34th Street pursuant to a green traffic signal and was struck by appellants' fire truck which was headed south on 34th Street. The collision occurred in a residential neighborhood where certain houses tended to limit the visibility of traffic at this intersection. There is a conflict in the evidence as to whether the truck's siren was sounded as required by KRS 189.390(6), whether appellee exercised proper care before reaching the intersection and whether the speed of the truck was reasonable in the circumstances.

Appellants' argument that as a matter of law their truck had the right of way is subject to the qualifications pointed out in Gasparac v. Castle, Ky., 330 S.W.2d 111, thusly:

" * * *. The provision exempting an emergency vehicle from ordinary traffic regulations confers no absolute immunity upon the driver, for it is based on the prescribed conditions. Nor does the preferential status relieve the driver from the duty of having due regard for the safety of other people lawfully using a street or highway. The duty is measured by the danger to be apprehended.

Notice and warning to persons required to yield the right of way is essential, and a reasonable opportunity to yield or get out of the way is necessary before they become chargeable with the obligation to give preference to the emergency vehicle. There must be strict observance of the conditions which will exempt an emergency vehicle. When a driver has the preferred right of way, he must be especially alert when he intends to run a red traffic light at a busy street intersection and must take care commensurate with the serious consequences that might follow his failure to do so. He should remember that other drivers have the right to assume that the red light signal will be obeyed by him unless duly and timely warned to the contrary. * * *."

■ In the present case whether appellee should have yielded the right of way at the intersection and whether the fire truck was operated with due regard for the public's safety at that time are issues raised by the conflicting testimony. The trial court properly decided that the evidence on appellee's behalf had sufficient probative value to take the case to the jury.

The pertinent facts and issues of this case cannot reasonably be distinguished from those in City of Louisville v. Chapman, Ky., 413 S.W.2d 74. Furthermore, the instructions are identical to those which were criticized in that case.

■ In the instant case Instruction (1)(d) required each driver "to observe traffic regulations * * *." This instruction was incorrect because KRS 189.320 and 189.390(6) give emergency vehicles the right to disregard traffic regulations at intersections when due regard for the safety of the public is observed. By Instruction (4) the jury was told that Myers had the duty to operate the fire truck with due regard to the safety of the public. However, these instructions were faulty in that the jury was not instructed that Myers had a right to run the red light by exercising due regard for

the safety of the public. City of Louisville v. Chapman, supra. This error requires a reversal of the judgment.

In the event of a new trial, if the evidence is substantially the same, the trial court will accordingly revise the instructions. The judgment is reversed, with directions to grant appellants a new trial.

All concur.