CITY OF WINSTON-SALEM v. LETITIA C. RICE

No. 7221DC655

(Filed 25 October 1972)

1. **Automobiles §§ 19, 38— fire truck — speeding — crossing intersection on red light — duty of care required**
   Though plaintiff's ordinances grant special privileges to emergency vehicles including that of "proceeding past a red or stop signal or stop sign," the driver of a fire truck is not relieved from the standard of due care commensurate with the circumstances, but must drive with regard for the safety of all persons.

2. **Negligence § 34— contributory negligence — jury question — judgment NOV improper**
   In an action for property damage resulting from a collision between plaintiff's fire truck and defendant's automobile, the trial court erred in entering judgment NOV on grounds that plaintiff was contributorily negligent as a matter of law where the evidence tended to show that at the time of the collision the fire truck's red dome light and siren were both in operation, that traffic in northbound lanes had stopped to permit the fire truck to traverse the intersection in a westerly direction, that the driver of the fire truck saw no traffic in the southbound lanes, and that the fire truck proceeded through the intersection facing a red light only after slowing down to a speed of between 10 and 12 miles per hour.

3. **Rules of Civil Procedure § 59— insufficiency of evidence to support verdict — granting of new trial within court's discretion**
   The trial court properly exercised its discretion in granting defendant's motion for a new trial on the issue of damages, should the judgment NOV be vacated on appeal, on the grounds that plaintiff failed to supply evidence as to the fair market value of its damaged property before and after the accident, that the evidence was insufficient to justify the verdict as to the issue of damages, and that the verdict as to the issue of damages was contrary to law. G.S. 1A-1, Rule 59(a)(7).

APPEAL by plaintiff from *Billings, District Judge,* at the 17 April 1972 Session of FORSYTH District Court.

Plaintiff brought this action to recover for property damage resulting from a street intersection collision between plaintiff's fire truck and defendant's automobile.

Plaintiff's evidence tended to show:

At approximately 9:30 a.m. on 18 October 1970, a fire truck, some 62 feet long and over 11 feet high, owned by plaintiff and operated by members of its fire department, was pro-

ceeding west on Northwest Boulevard in the City of Winston-Salem en route to a residential fire. As the fire truck traversed the intersection of Northwest Boulevard and Cherry Marshall Street, it collided with a 1970 Chevrolet being driven by defendant in a southerly direction on Cherry Marshall Street.

At said intersection Northwest Boulevard is a two-lane street while Cherry Marshall is 84 feet wide and north of the intersection is relatively straight for more than 442 feet, has two lanes for northbound traffic, a median, a lane for southbound traffic turning left, two lanes for traffic proceeding south, and a lane for southerly traffic turning right. The terrain north of the intersection is uphill. Defendant was traveling in the westernmost lane of Cherry Marshall and the left side of her automobile struck the right front wheel of the fire truck.

Traffic at the intersection was controlled by duly erected traffic lights. As the fire truck approached the intersection the light was red to it, but with siren sounding and red lights on top of the truck pivoting, it proceeded into and through the intersection at 10 to 12 m.p.h. Cherry Marshall traffic to the left of the fire truck was northbound and stopped to allow the truck to proceed through the intersection. Defendant was proceeding on a green light and the truck driver did not see her until the moment of the collision. The fire was some three blocks west of the intersection and the truck driver could see the smoke from the intersection.

The parties stipulated that a fire truck is an emergency vehicle as defined in plaintiff's ordinances, pertinent provisions of the controlling ordinances being introduced into evidence and providing as follows:

"Sec. 17-45. Exemptions to authorized emergency vehicles.

(a) The provisions of this chapter regulating the operation, parking and standing of vehicles shall apply to authorized emergency vehicles, as defined in this chapter except as follows:

A driver, when operating any such vehicle in an emergency, except when otherwise directed by a police officer, may

* * * *

(2) Proceed past a red or stop signal or stop sign, but *only after slowing down as may be necessary for safe operation;* (Emphasis added.)

\* \* \* \*

(b) These exemptions hereinbefore granted in reference to the movement of an authorized emergency vehicle shall apply only when the driver of such vehicle sounds a siren as may be reasonably necessary, and the vehicle displays a lighted red lamp visible from the front as a warning to others, except that such police cars as are designated by the chief of police shall not be required to display a red lamp.

\* \* \* \*

Sec. 17-46. Operation of vehicles on approach of authorized emergency vehicles.

(a) Upon the approach of an authorized emergency vehicle equipped with at least one lighted lamp exhibiting a red light visible under normal atmospheric conditions from a distance of five hundred feet (500′) to the front of such vehicle and when the driver is giving audible signal by siren, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb (or the nearest edge or curb of a one-way street) of the roadway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer;

(b) *This section shall not operate to relieve the driver of any authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the street.* (Code 1953, Sec. 26-33.)" (Emphasis added.)

The defendant offered no evidence.

At the close of plaintiff's evidence and again at the close of all the evidence, defendant moved for a directed verdict pursuant to G.S. 1A-1, Rule 50. The motions were denied and the jury found that plaintiff's property was damaged by the negligence of the defendant, that plaintiff was not contributorily

negligent and awarded plaintiff recovery in the amount of $3,059.25.

Thereafter, defendant moved the court pursuant to G.S. 1A-1, Rule 50, to set aside the verdict and enter judgment for defendant notwithstanding the verdict on the grounds that there was "no evidence of negligence on the part of the defendant and that the evidence in the case showed conclusively that any damages sustained by the plaintiff were the proximate result of its own negligence." Defendant moved in the alternative to set aside the verdict and grant defendant a new trial on the grounds that plaintiff supplied no evidence of the fair market value, before and after the accident, of the fire truck and that evidence of the repair cost alone was an insufficient basis to support the jury verdict as to damages, that the evidence was insufficient to justify the verdict, that the verdict is contrary to law and on the ground of error in law occurring at the trial.

The court entered judgment n.o.v. in favor of defendant on the ground that "the evidence in the case showed conclusively" that any damages sustained by plaintiff were the proximate result of its own negligence and further that should the judgment n.o.v. be vacated or reversed, the defendant be granted a new trial as to the issue of damages.

Plaintiff appealed.

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and Roddey M. Ligon, Jr., for plaintiff appellant.*

*Deal, Hutchins and Minor by William Kearns Davis for defendant appellee.*

BRITT, Judge.

Plaintiff contends that the trial judge erred in entering judgment for defendant notwithstanding the jury verdict for plaintiff on the ground that plaintiff was contributorily negligent as a matter of law. As to this contention we agree with plaintiff.

It is established that a motion for a directed verdict or judgment n.o.v. presents substantially the same question as that presented by a motion for nonsuit under former G.S. 1-183. *Kelly v. International Harvester Co.*, 278 N.C. 153, 179 S.E. 2d

396 (1971) ; *Sadler v. Purser*, 12 N.C. App. 206, 182 S.E. 2d 850 (1971). Therefore, the statement in *Mims v. Dixon*, 272 N.C. 256, 158 S.E. 2d 91 (1967), that whether a motion for nonsuit on the ground of contributory negligence is to be granted or the issue submitted for jury determination must be decided after considering the facts of each particular case also applies as the proper test for disposition of a motion for a directed verdict or judgment n.o.v. under our new code of civil procedure.

[1] Our research reveals that a majority of jurisdictions by statutes or ordinances exempt emergency vehicles (such as police cars, ambulances and fire department apparatus) from strict compliance with traffic regulations. However, the allowance of these special privileges (which include traveling through a red traffic light and exceeding speed limits) has been held generally not to relieve the operator of the emergency vehicle from the exercise of ordinary, reasonable care commensurate with the circumstances. 7 Am. Jur. 2d, Automobiles and Highway Traffic, §§ 206, 357 ; *Finderne Engine Co. v. Morgan Trucking Co.*, 98 N.J. Super, 421, 237 A. 2d 624 (1968) ; *Freeman v. Reeves*, 241 Ark. 867, 410 S.W. 2d 740 (1967) ; *Myers v. Able*, (Ky.), 417 S.W. 2d 235 (1967) ; *Clark v. Sterrett*, (Ind. App.), 220 N.E. 2d 779 (1966) ; *Merkel v. Scranton*, 202 Pa. Super. 15, 193 A. 2d 644 (1963) ; *Norman v. Shreveport*, (La. App.), 141 So. 2d 903 (1962) ; *Rosenstiel v. Weigel*, 117 Ohio App. 383, 184 N.E. 2d 772 (1962) ; *Torres v. Los Angeles*, 58 Cal. 2d 35, 372 P. 2d 906 (1962) ; *Baltimore v. Fire Ins. Salvage Corps.*, 219 Md. 75, 148 A. 2d 444 (1959). In *Spittle v. R. R.*, 175 N.C. 497, 95 S.E. 910 (1918), an intersection accident case involving a fire truck, the court held that the question of contributory negligence was one of fact for the jury.

Plaintiff's ordinances grant special privileges to emergency vehicles including that of "proceeding past a red or stop signal or stop sign," but as the emphasized parts of the ordinances indicate these privileges are not absolute. The driver of an emergency vehicle is not relieved from the standard of due care commensurate with the circumstances but must drive with regard for the safety of all persons. A like interpretation was given in *Williams v. Funeral Home*, 248 N.C. 524, 529, 103 S.E. 2d 714, 718 (1958) wherein the court in construing a similar Morganton ordinance as it applied to a collision involving an ambulance and an automobile said:

". . . [T]he ordinance of Morganton which permits ambulances to 'proceed past red or stop signals' does not require the siren to be sounded, but it does limit their right to proceed 'only after slowing down as may be necessary for operation.' This necessarily means, we think, that the special privileges can only be exercised when the ambulance can proceed with safety to others who have a legal invitation to use the intersection. To give it any other interpretation would change an ordinance intended to facilitate the safe movement of vehicles across intersecting highways into a trap for those invited to enter."

[2] Having concluded that the fire truck belonging to plaintiff could proceed against the red light only through the exercise of due care by slowing down as "necessary for safe operation," we must examine plaintiff's evidence to determine if it meets this test. Plaintiff's evidence, if believed, would support a finding that at the time of the collision herein complained of, the fire truck's red dome light and siren were both in operation, northbound traffic on Cherry Marshall was stopped to permit the fire truck to traverse the intersection in a westerly direction, the driver of the fire truck saw no traffic in the southbound lanes, and although the huge fire truck did not stop it proceeded through the intersection facing a red light only after slowing down to a speed of between 10 and 12 miles per hour.

We hold that the facts in this case presented a jury question as to contributory negligence and the trial judge erred in setting aside the verdict and entering judgment n.o.v. on the ground that plaintiff was contributorily negligent as a matter of law.

[3] In its next assignment of error plaintiff contends the trial judge erred in granting defendant's motion in the alternative for a new trial on the issue of damages should the judgment n.o.v. be vacated or reversed on appeal. Pursuant to G.S. 1A-1, Rule 50 (c) (1), the district court conditionally granted defendant's motion for a new trial on the grounds that plaintiff failed to supply evidence as to the fair market value of its damaged property before and after the accident and that the evidence is insufficient to justify the verdict as to the issue of damages and that the verdict as to the issue of damages is contrary to law. The record is devoid of evidence as to the value of the fire truck before and after the collision; plaintiff introduced only

the repair bill to show the "dollars and cents" damage to its fire truck.

Damages are not to be presumed, and the burden is on a complainant to show such facts as will provide a basis for their assessment, according to a definite and legal rule. *Lieb v. Mayer*, 244 N.C. 613, 94 S.E. 2d 658 (1956). Plaintiff argues that although the measure of damages for a tortious injury to personal property is the difference in the market value of the property immediately before and immediately after the injury, this difference may be established by showing the reasonable cost of necessary repairs to restore the property to its previous condition. In support of its argument, plaintiff cites *Farrall v. Garage Company*, 179 N.C. 389, 102 S.E. 617 (1920) ; *Guaranty Company v. Motor Express*, 220 N.C. 721, 18 S.E. 2d 116 (1942), and *Simrel v. Meeler*, 238 N.C. 668, 78 S.E. 2d 766 (1953).

We find it unnecessary to agree or disagree with plaintiff's argument. G.S. 1A-1, Rule 59(a) (7) authorizes a trial judge to grant a new trial on all or part of the issues on the ground of insufficiency of the evidence to justify the verdict. In *Glen Forest Corp. v. Bensch*, 9 N.C. App. 587, 176 S.E. 2d 851 (1970), this court held that a motion to set aside the verdict and for a new trial pursuant to G.S. 1A-1, Rule 59(a) (5) and (7), is addressed to the sound discretion of the trial judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal. Plaintiff does not argue that there was an abuse of discretion in the instant case and the record reveals no abuse. We hold that the trial court properly exercised its discretion in granting a new trial on the issue of damages on the ground that the evidence was insufficient to justify the verdict as to the issue of damages.

For the reasons stated, the judgment n.o.v. in favor of defendant is reversed; the portion of the judgment granting defendant a new trial on the issue of damages is affirmed.

Partial new trial.

Chief Judge MALLARD and Judge CAMPBELL concur.