RICHARD V. LEWIS, JR. v. QUINTON A. BRUMBLES

RICHARD V. LEWIS, SR. AND WIFE, BOBBIE LEWIS v. QUINTON A. BRUMBLES

No. 8616SC380

(Filed 21 October 1986)

**Automobiles § 89— bicyclist—last clear chance—jury question**

In an action to recover for injuries sustained by plaintiff when defendant's car collided with his bicycle, evidence was sufficient to support the trial court's determination that plaintiff's own negligence contributed to his injuries where such evidence tended to show that plaintiff, by his own admission, rode his bicycle across a highway and then attempted to cross back over the center line into the improper left lane without ever looking back or ascertaining that such a maneuver could be made in safety; however, evidence was sufficient to submit the case to the jury on the theory that defendant had the last clear chance to avoid the collision where the evidence indicated that plaintiff negligently placed himself in a position of peril, then never looked back, never saw defendant's vehicle, and therefore could not reasonably have been expected to act to avoid the collision; defendant knew or should have known that plaintiff was in a perilous position of which he was unaware or inattentive; defendant had the time and means to avoid the injury in that after he saw plaintiff's bicycle turn back toward him he blew his horn as many as three times, then pulled into the other lane to pass plaintiff without ever reducing his speed; and defendant, though he had the time and means to avoid the collision, never applied his brakes.

APPEAL by plaintiffs from *McKinnon, Judge*. Judgment entered 6 November 1985 in Superior Court, ROBESON County. Heard in the Court of Appeals 17 September 1986.

*Britt & Britt, P.A., by William S. Britt and Evander M. Britt III, for plaintiff appellant.*

*McLean, Stacy, Henry & McLean, by Everett L. Henry, for defendant appellee.*

BECTON, Judge.

Richard "Dick" V. Lewis, Jr. brought this action to recover damages for personal injuries sustained when his bicycle collided with Quinton Brumbles' car. Dick's parents, Richard V. Lewis, Sr. and Bobbie Lewis, also sued Mr. Brumbles for the loss of services of their minor son and for his medical expenses. The cases were consolidated for trial. At the close of all the evidence, the trial judge granted Mr. Brumbles' motion for a directed verdict on the grounds that the evidence established contributory negligence on the part of Dick Lewis as a matter of law. Plaintiffs appeal. We reverse.

The questions presented by this appeal are whether the trial court erred in finding that Dick Lewis was contributorily negligent as a matter of law, and whether the plaintiffs presented sufficient evidence on the issue of last clear chance to withstand Mr. Brumbles' motion for directed verdict.

I

The evidence, when viewed in the light most favorable to the plaintiffs, tends to show the following.

On 20 April 1981, Dick Lewis, who was fifteen years old at that time, rode his bicycle from his parents' home down a sloping driveway of loose sand and out onto Rural Paved Road 2272, a two-lane paved highway which runs north and south. As he went down the driveway, he looked both ways for traffic and saw a car in front of the house which had approached from the left and was already gone by the time he reached the road. He also heard, but did not see, Mr. Brumbles' car approaching, recognizing it by its distinctive sound ("like a chain saw in a fifty gallon barrel"). Dick entered the highway from the west side, crossing to the opposite northbound lane, and making a gradual swinging left turn toward the north. Then, without ever looking back, he proceeded in a continuous circular motion to swing back to the left, across the center line and into the southbound lane, where he was struck by Mr. Brumbles' automobile which had approached from the south and was attempting to pass on the left.

Dick testified that it was his intention in switching lanes to allow Mr. Brumbles to pass by on the right hand side of the road, that it was the custom of neighborhood boys to change lanes in

that manner, and that he had done the same thing in the past when Mr. Brumbles was passing in the neighborhood.

Mr. Brumbles testified that he was proceeding north in the northbound lane at 35-40 miles per hour and observed Dick Lewis before Dick entered the highway. He saw Dick ride across the road from west to east in front of him, turn north in the northbound lane, and then start back across toward the southbound lane. After observing Dick turn back toward the west, Mr. Brumbles blew his horn two or three times without ever reducing his speed, and pulled into the left lane to pass, where his car collided with the bicycle.

The physical evidence at the accident scene indicated that the accident occurred just north of the Lewis driveway, approximately two feet to the west of the center line in the southbound lane. The marks and debris were in the southbound lane. The damage to Mr. Brumbles' car was all on the right front corner.

## II

### Contributory Negligence

Plaintiffs first argue that the court erred in its determination that Dick's own negligence contributed to his injuries. This contention is without merit.

Directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence taken in the light most favorable to plaintiff, establishes contributory negligence so clearly that no other reasonable inference or conclusion can be drawn therefrom. *Rappaport v. Days Inn of America, Inc.*, 296 N.C. 382, 250 S.E. 2d 245 (1979).

In this State, a person above the age of fourteen is presumed to possess the capacity of an adult to protect himself and is presumptively chargeable with the same standard of care for his own safety as if he were an adult. *Welch v. Jenkins*, 271 N.C. 138, 155 S.E. 2d 763 (1967); *Sadler v. Purser*, 12 N.C. App. 206, 182 S.E. 2d 850 (1971). In this case there was no evidence to rebut that presumption. Furthermore, a bicycle is deemed a vehicle and its rider is a driver within the meaning of our Motor Vehicle Law, *Lowe v. Futrell*, 271 N.C. 550, 157 S.E. 2d 92 (1967), and is thus subject to the rules of the road. *Asbury v. City of Raleigh*, 48

N.C. App. 56, 268 S.E. 2d 562, *disc. rev. denied,* 301 N.C. 234, 283 S.E. 2d 131 (1980).

By his own admission, Dick Lewis rode his bicycle across the highway and then attempted to cross back over the center line into the improper left lane without ever looking back or ascertaining that such a maneuver could be made in safety. The only reasonable inference to be drawn from this evidence is that he failed to exercise the ordinary care of a reasonably prudent person under the circumstances and that such failure was a proximate contributing cause of the accident. *See Lowe v. Futrell.*

His evidence showing that it was the custom of the neighborhood boys to ride in the left lane and allow traffic approaching from behind to pass by on the right, and that he had done this previously when Mr. Brumbles overtook him, may explain Dick Lewis' belief that he could safely move into the left lane. That evidence does not, however, justify his choice of the wrong lane nor negate the inference of negligence which must be drawn from his failure to look back.

### III

*Last Clear Chance*

Plaintiffs next contend that even if Dick Lewis's contributory negligence is conclusively established, there is sufficient evidence to submit the case to the jury on the theory that Mr. Brumbles had the last clear chance to avoid the collision. We agree.

In *Exum v. Boyles,* 272 N.C. 567, 576, 158 S.E. 2d 845, 853 (1968), the Supreme Court stated that to invoke the doctrine of last clear chance

> there must be proof that after the plaintiff had, by his own negligence, gotten into a position of helpless peril (or into a position of peril to which he was inadvertent), the defendant discovered the plaintiff's helpless peril (or inadvertence), or, being under a duty to do so, should have, and, thereafter, the defendant, having the means and the time to avoid the injury, negligently failed to do so.

In *Clodfelter v. Carroll,* 261 N.C. 630, 634-35, 135 S.E. 2d 636, 639 (1964), the court enumerated the following four elements which an injured pedestrian found to be contributorily negligent

must establish for the doctrine of last clear chance to apply against the driver who struck him:

> (1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid the injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him.

We believe the same principles apply when the injured person is a bicyclist.

The question presented by Mr. Brumbles' motion for directed verdict is whether the evidence which supports the theory of last clear chance, when taken as true, considered in the light most favorable to the plaintiff, and given the benefit of every reasonable inference in the plaintiff's favor, is sufficient to take the case to the jury. *See Tripp v. Pate,* 49 N.C. App. 329, 271 S.E. 2d 407 (1980). In making this determination, Mr. Brumbles' own evidence may be considered to the extent it is favorable to the plaintiff or not in conflict with the plaintiff's evidence. *See Tate v. Bryant,* 16 N.C. App. 132, 191 S.E. 2d 433 (1972).

We now consider the evidence in support of the four elements of the last clear chance doctrine enumerated in *Clodfelter* and *Exum.* First, the evidence clearly indicates that Dick Lewis circled across the highway in front of an oncoming vehicle, thereby negligently placing himself in a position of peril. Furthermore, he never looked back, apparently never saw Mr. Brumbles' vehicle nor ascertained its position and therefore could not reasonably have been expected to act to avoid the collision. *See Watson v. White,* 309 N.C. 498, 308 S.E. 2d 268 (1983). The first element of the *Clodfelter* test is thus satisfied.

Second, Mr. Brumbles testified that he first saw Dick Lewis before Dick ever entered the highway; that he observed the bicycle enter the road, travel into his own (northbound) lane and then *start back* to the left. He witnessed the bike rider's apparent unawareness or disregard for the automobile's approach. Moreover, the evidence that Dick Lewis had moved into the left lane on prior occasions to allow Mr. Brumbles to pass on the right, coupled with the evidence that Mr. Brumbles perceived the bicycle's movement back toward the left lane, suggests Mr. Brumbles should have been on notice that the bicycle might continue into the left lane and was under a duty to attempt to ascertain the rider's next move before passing. We think the foregoing evidence is more than adequate to show that Mr. Brumbles knew or should have known that Dick Lewis was in a perilous position of which he was unaware or inattentive. Therefore the second element of the *Clodfelter* test is satisfied.

With regard to the third element of the test, we reject the plaintiffs' contention that evidence of a statement of Mr. Brumbles to Richard Lewis, Sr., to the effect that he felt like he could ' have avoided the accident, is determinative. The ability of Mr. Brumbles to avoid the collision is a legal conclusion which must be shown by the facts. *See Henderson v. Henderson*, 239 N.C. 487, 492, 80 S.E. 2d 383, 386 (1954); *Austin v. Overton*, 222 N.C. 89, 21 S.E. 2d 887 (1942). Nevertheless, apart from that statement there is sufficient evidence that Mr. Brumbles had the time and means to avoid injury to Dick Lewis after discovering his perilous position. Taken in the light most favorable to the plaintiff, Mr. Brumbles' testimony indicates that it was only *after* he observed the bicycle turn back toward the left that Mr. Brumbles blew his horn, as many as three times, and then pulled into the left lane to pass. At the time, he was only traveling approximately 35 miles per hour, and he testified that he never reduced his speed because he didn't think it was necessary. Furthermore the physical damage to the right front corner of his car indicates that at the time of impact Dick Lewis was still ahead of Mr. Brumbles and in his clear line of sight.

From this evidence, a jury could reasonably conclude that in the time it took Mr. Brumbles to blow the horn and pull to the left, he could have avoided the accident by applying his brakes

and remaining in the right lane. Hence, the third element of the last clear chance doctrine is met.

Finally, there is also adequate evidence that Mr. Brumbles not only had the time and means to avoid the collision but that he negligently failed to use it. His testimony is clear that he observed all of the bicycle's movements in the road ahead of him. Yet from the time the bike entered the road, Mr. Brumbles never applied his brakes. He attempted to pass without ever slowing down to determine what the moving bicycle was going to do.

> The very presence of a young boy riding a bicycle on a highway is, in itself, a danger signal to a motorist approaching him from the rear. Ordinarily, it is a question for the jury as to whether the motorist has responded to such danger signal as a reasonable man would have done.

*Champion v. Waller*, 268 N.C. 426, 429-30, 150 S.E. 2d 783, 786 (1966).

We conclude that there is sufficient evidence in support of the doctrine of last clear chance to justify the submission of this case to the jury. Accordingly, we hold that it was error for the trial court to grant the defendant's motion for a directed verdict and that the judgment entered must be

Reversed.

Judges WEBB and EAGLES concur.